JOHN RANKIN v. SIGMUND ROTHSCHILD AND FEIST ROTHSCHILD.

[See 66 Mich. 668.]

*Judgment creditor's bill—Execution—Return of officer—Jurisdiction —Joint debtors—Equity practice—Appointment of receiver—Appeal.*

1. An answer to a judgment creditor's bill, used in opposition to a motion for the appointment of a receiver before the time for replying has expired, can only be treated as an affidavit.

2. It is proper to permit affidavits to be read on the hearing of a motion for a receiver in a judgment creditor's suit, to meet matters set up in avoidance in defendant's answer.

3. A general assertion in an answer to a judgment creditor's bill that the defendant has property liable to execution, and which

might have been levied upon, is insufficient. He must state what and where the property was that the sheriff ought to, but did not, seize.

4. On the hearing of a motion for a receiver in a judgment creditor's suit upon bill and answer, before the time for replying has expired, the return by the sheriff of the execution unsatisfied is conclusive upon the defendant.

5. Under How. Stat. § 6612, the circuit court of the county in which the assignee of a judgment resides has jurisdiction of a creditor's bill to enforce said judgment.

6. It is not necessary for the assignee of a judgment to cause an execution to be issued and returned *nulla bona*, after becoming such assignee, before he can file a creditor's bill, where an execution has been so issued and returned prior to such assignment. · *Gleason v. Gage*, 7 Paige, 121.

7. One of two judgment debtors against whom an execution has been returned unsatisfied as shown by a creditor's bill filed against the remaining debtor, who asserts in his answer that his co-debtor is insolvent, is not a necessary party to said suit; there being no dispute over the amount due to the complainant. *Williams v. Hubbard*, 1 Mich. 446.

8. In this case it is held that the judge had jurisdiction to appoint a receiver; that he exercised his discretion properly; that the record affords no excuse for appealing; and that, under the circumstances, the order was not appealable.

Appeal from Mecosta. (Palmer, J.) Argued October 9, 1889. Decided November 15, 1889.

Judgment creditor's bill. Defendant Sigmund Rothschild appeals from order appointing receiver, etc. Appeal dismissed and record remanded for further proceedings. The facts are stated in the opinion.

*D. P. Foote*, for complainant, contended:

1. As to the conclusiveness of the officer's return, counsel cited *Jones v. Green*, 1 Wall. 332.

2. The case as presented establishes the following points beyond controversy:

   *a*—A judgment in favor of complainant's assignor, and its assignment to complainant.
   *b*—An execution issued upon such judgment, directed and delivered to the proper officer.

c—The return of the officer that he has been unable to find property to satisfy the execution, and—

d—The allegation of the complainant that he has reason to believe, and does believe, that defendant Rothschild has property beyond the reach of execution.

If these points are established to the satisfaction of the court, the complainant is entitled to a receiver, and the relief prayed, as a matter of course; citing How. Stat. § 6614; *Osborn v. Heyer*, 2 Paige, 342; *Bloodgood v. Clark*, 4 Id. 574, 577; *Cuyler v. Ensworth*, 6 Id. 32, 35; *Fitzburgh v. Everingham*, Id. 29, 30; 1 Barb. Ch. Pr. 659; *Clark v. Davis*, Har. Ch. 227, 234; *Stewart v. Stevens*, Id. 169; *Eldred v. Camp*, Id. 162; *Thayer v. Swift*, Id. 430; *Smith v. Thompson*, Walk. Ch. 1.

3. If Ortmann is irresponsible, and it must be conclusively presumed that he is from the officer's return and defendant's answer, he is not a necessary, nor even a proper, party; citing *Van Cleef v. Sickles*, 5 Paige, 505; *Williams v. Hubbard*, 1 Mich. 446; *Hadden v. Spader*, 20 Johns. 554.

4. How. Stat. § 6614, providing that when an execution has been returned unsatisfied the party suing it out may file a bill in chancery, etc., must be read in connection with Act No. 75, Laws of 1863 (How. Stat. § 7344), which gives the assignee of choses in action the right to maintain an action thereon in his own name. The sale and assignment to complainant of the judgment carried with it the right of the assignor to maintain this suit, growing out of the return of an execution *nulla bona;* citing *Cook v. Bell*, 18 Mich. 387, 393; *Hadden v. Spader*, 20 Johns. 554; *Gleason v. Gage*, 7 Paige, 121.

*DeForest Paine*, of counsel for complainant, contended:

1. The right to file the bill was not waived or lost by the issue of *alias* executions; citing *Clark v. Davis*, Har. Ch. 227, 234, 235; *Cuyler v. Moreland*, 6 Paige, 275, 276.

2. Jerome was not a necessary party; citing *Morey v. Forsyth*, Walk. Ch. 465; nor was Ortmann, if without property and irresponsible; citing *Williams v. Hubbard*, 1 Mich. 446.

3. The officer's return is in proper form against both of the defendants in the execution; citing *Williams v. Hubbard*, 1 Mich. 446; and there being no collusion, and the return not being made by Jerome's direction, it is conclusive against Rothschild; citing *Bank v. Dorr*, Walk. Ch. 323, 324.

*Griffin, Warner, Hunt & Berry*, for defendant, contended:

1. There is nothing in the authorities cited (1 Barb. Ch. Pr. 668; High, Receivers, § 85; *Ladd v. Harvey,* 21 N. H. 514, 520; *Goodman v. Whitcomb,* 1 Jac. & W. 569), supporting the position that affidavits of which defendant has had no notice can be read, contradicting the answer, at the time of the application for the appointment of a receiver.

2. A receiver on a judgment creditor's bill is not a matter of course, except the equity of the complainant is not denied by the answer, and the cases cited by complainant's counsel support this distinction; citing *Bloodgood v. Clark,* 4 Paige, 577; *Cuyler v. Ensworth,* 6 Id. 35.

3. In view of the defendant's answer, the return of the first executions unsatisfied forms no basis for a judgment creditors' bill. If the return had been so made at the express direction of plaintiff's attoneys, there would be no conflict of authority; citing *Wharton v. Fitch,* Walk. Ch. 143; *Bank v. Dorr,* Id. 317.

CHAMPLIN, J. This is an appeal from the order of the circuit court of the county of Mecosta, sitting in chancery, appointing a receiver of the assets, equitable interests, and things in action of the defendant Sigmund Rothschild, upon a creditor's bill filed by complainant, who is the assignee of Timothy Jerome and James Jerome, who recovered a judgment in the circuit court for the county of Saginaw against said Sigmund Rothschild and one Charles L. Ortmann. The bill contains the usual statements of the rendition of a judgment against Rothschild and Ortmann jointly; the issue and return of execution wholly unsatisfied as to both defendants; the issue and return of a second execution wholly unsatisfied, before the bill was filed; the assignment of the judgment of the first execution, while the second execution was outstanding.

The bill was sworn to November 9, 1888, and, at the time of serving the subpœna to appear and answer upon Sigmund Rothschild, a notice of an application to the court on December 4, 1888, for the appointment of a

receiver, was served upon him, upon the matter of the bill.

Sigmund Rothschild filed a separate answer, which was verified on September 3, 1888, in which he admitted the rendering of the joint judgment, and the issue and return of the execution *nulla bona*. He set up in his answer, by way of avoidance, that while the first execution was in the hands of the sheriff for collection he went to Saginaw, where the plaintiffs resided, and proposed to pay to one of said plaintiffs his half of said judgment, and thereby relieve himself from any further liability thereon, but was informed by Jerome that he had given said Ortmann an extension of four months to pay his share of the judgment, but had taken no note or any security for the same. That thereupon said Rothschild requested and said Jerome promised not to in any way jeopardize or endanger the position of defendant by waiting four months, and that he told Jerome that he could and would point out property of Ortmann where and how the share which Ortmann ought to pay could be immediately and promptly collected, and, if insisted upon, he should pay the entire amount of the judgment; that he could then secure himself against such payment, by reason of his knowledge of Ortmann's property, which could then be reached, and that Ortmann was then responsible for his share of the judgment; but Jerome said he would not jeopardize the position of Rothschild, and that he did not then care to take the money from both parties, because he did not need the money, and it was drawing interest; and that it was then and there agreed between Jerome, acting for plaintiffs, and defendant Rothschild, that Jerome should proceed and collect of Ortmann his share of said judgment at the expiration of said four months, or at such other time as Jerome

should deem it advisable to press Ortmann for the same, and that upon doing so Jerome should notify defendant, and he promised to immediately send his half of such judgment. He admits that after this conversation an *alias* execution was issued, and returned unsatisfied as to both defendants, but says he was not notified, and that Ortmann has become wholly insolvent. Other matters are set up by way of avoidance, but the above is the most relied upon. He avers his willingness still to pay one-half of the judgment, but asserts that the foregoing constitutes a good defense to the collection of the other half.

This answer, being used in opposition to the motion for the appointment of a receiver before the time for replying had expired, could only be treated as an affidavit.

To meet the matters set up in the avoidance, the affidavits of John Rankin and Timothy Jerome were filed, and permitted to be read by complainant. Counsel for defendant Rothschild claims that this was not permissible. But we think it was. The answer did not deny the equity of complainant's bill, except in the attempt to assert that defendant Rothschild had property liable to execution which might have been levied upon by the sheriff. But a general assertion of this kind amounts to nothing in a bill for discovery, as a judgment creditors' bill is in some respects. The defendant must state what and where the property was that the sheriff ought to, but did not, seize. The answer is silent upon these facts. Besides, the return of the sheriff was conclusive upon the defendant at this stage of the proceedings.

The judgment, as before stated, was against the defendants, Rothschild and Ortmann, jointly. It was the duty and legal obligation for Rothschild to pay the whole as much as it was to pay one-half. He could have paid the

judgment to the sheriff, or tendered it to the plaintiff, with the costs and sheriff's fees, at any time, and then proceed for contribution against his joint obligor, if he was entitled to contribution. He does not pretend that time was extended to Ortmann upon any consideration which would make such extension binding in law. He does not claim to occupy the position of a surety. He says that Jerome told him that he had given Ortmann his word. But this did not prevent the Jeromes from proceeding at once, or prevent Rothschild from paying and proceeding at once, against Ortmann. Aside from this, the affidavits filed in opposition to the new facts set up in the answer contradicted all such statements.

It is claimed in the brief of counsel that the affidavits were filed without notice to them, and that they had no opportunity to reply thereto. The record does not disclose that the defendant made any objection to these affidavits being filed or read. Had objection been made, and time requested, we have no doubt that the judge would have granted any reasonable demand.

Jurisdiction in chancery, as to the county in which a bill may be filed, is regulated by statute, and, under section 6612, How. Stat., the circuit court for the county of Mecosta had jurisdiction to entertain the case.

It was not necessary for complainant, as assignee of the judgment, to cause an execution to be issued and returned *nulla bona,* after he became such assignee, before he could file a creditors' bill. *Gleason v. Gage,* 7 Paige, 121.

Under the circumstances appearing in the bill and answer, Ortmann was not a necessary party to the suit. The bill shows that an execution was returned against him unsatisfied, and the answer asserts that he is insolvent and worthless. There is no dispute over the amount due to complainant, and there is no occasion which

requires the presence of Ortmann either for an accounting or other relief between these parties. *Williams v. Hubbard,* 1 Mich. 446.

The judge had jurisdiction to appoint a receiver, and we think he exercised his discretion properly. The record does not afford an excuse for appealing, and, under the circumstances the order was not appealable. The appeal is dismissed, with costs, and the record will be remanded for further proceedings.

The other Justices concurred.