97   93
97   608
97   93
118  490

JOSEPH B. DUTTON v. JOHN H. THOMAS AND CHARLES CAMERON.

*Judgment creditor's bill—Discovery—Receiver.*

1. A judgment creditor's bill, filed to reach property or interests which are unknown to the complainant, and perhaps concealed, need not point out the property sought to be reached; citing *Clark v. Davis*, Harr. Ch. 227; Barb. Ch. Pr. bk. 5, chap. 1, § 6.

2. The contention that Chancery Rule No. 105 (which provides that a debtor against whom a judgment creditor's bill is filed shall not be subject to the expense of putting in an answer thereto in the usual manner, if he shall cause his appearance to be entered within 20 days after the return-day of the subpoena, and shall, within the time allowed for an answer, deliver to the complainant or his solicitor a written consent that an order may be entered taking the bill as confessed, and for the appointment of a receiver, and for a reference to take the examination of the defendant in conformity to the rule) relieves the debtor from the appointment of a receiver until such time as, under the rule, he shall have failed to deliver such written consent, is without force.

3. The assertion that a receiver cannot be appointed after an answer is filed and before replication, or until the proof shows that there is property to go into his hands, cannot be supported by authority; citing *Rankin v. Rothschild*, 78 Mich. 10.

4. A broad discretion is lodged in the circuit court as to the appointment of a receiver in cases where executions have been

returned unsatisfied; citing *Rankin v. Rothschild*, 78 Mich. 10; *Bagley & Co. v. Scudder*, 66 Id. 97.

Appeal from Wayne.    (Gartner, J.)    Argued June 29, 1893.    Decided October 2, 1893.

Judgment creditor's bill.    Defendants appeal from an order appointing a receiver.    Affirmed.    The facts are stated in the opinion.

*Bowen, Douglas & Whiting*, for complainant.

*John Galloway*, for defendants.

HOOKER, C. J.    Complainant, having recovered a judgment before a justice of the peace, caused a transcript to be taken and filed.    Execution issued thereon being returned unsatisfied, he filed a creditor's bill in the Wayne circuit court, praying discovery, an injunction, a receiver, and satisfaction of his claim out of the equitable interests, etc., of the defendants.    The notice that answer upon oath was required was given under Chancery Rule No. 105, with a copy of the rule.    A copy of the bill, with notice of a prospective application for the appointment of a receiver, was· also given.    Injunction issued restraining defendants from incumbering or disposing of their property.    Under the rules, defendants had until January 9, 1893, to enter their appearance.    The hearing of the motion for the appointment of a receiver occurred upon December 12, 1892.    The defendants filed an answer, accompanied by a demurrer.    The causes of demurrer were stated as follows:

" These defendants, by protestation, not confessing or acknowledging all or any of the matters and things in the complainant's bill of complaint contained to be true in the manner and form as the same are therein and thereby set forth and alleged to warrant the prayer therein for the appointment of a receiver, etc., demur thereto, and for cause of demurrer aver:

"*a*—That there is no proper or sufficient statement in said

bill of any property or property interests in jeopardy from loss or otherwise to warrant action by a receiver in the premises.

"b—That the allegations of complainant's bill are too general, vague, and uncertain to justify the prayer therein for a receiver, and the appointment thereof before discovery of property, or interests therein, has been made on said bill as a bill of discovery.

"c—That on the face of said bill, and the notice given in that behalf to defendants, the court is without jurisdiction to appoint a receiver.

"Wherefore, and for divers other good causes of demurrer appearing in the said bill of complaint as to so much thereof as before is referred to, these defendants demur, and pray the judgment of this court whether they shall be compelled to make any further answer to such parts of said bill so demurred to as aforesaid."

The answer admitted the recovery of the judgment, but left the complainant to his proof as to whether it was lawfully obtained or valid. It denied the payment of $95.23, or any other sum, upon the judgment, but alleged that such sum was excessive, and was remitted by the complainant. It denied that $125.22 was due complainant, and alleged that upwards of $300 was equitably due from complainant to the defendants. It denied that defendants were possessed of any equitable interests in the property, etc., as alleged in the bill, to which was added a general denial of all of the allegations of the bill. This answer was verified on December 10, 1892, and upon that day served upon complainant's solicitors. On December 12, 1892, a receiver was appointed, and an order made that defendants execute and deliver to him a general assignment of their property, including all bills, notes, books of account, etc., and that they appear before a circuit court commissioner from time to time, as they should be summoned or required, and produce such books, papers, and accounts, and submit to such examination, as the commissioner should direct in relation to any matter which they might be lawfully required

to disclose. A replication, with the claim of the right to an examination of witnesses in open court, was filed and served December 13, 1892. An appeal was taken January 20, 1893.

The following are printed in the record as "points relied on:"

"1. There is not set forth in complainant's bill any sufficient averment of property or interests in property owned by or in the possession and control of the defendants, or of property or interests in property held in trust for them, or in jeopardy, to justify the appointment of a receiver.

"2. The order appointing a receiver was premature, and was unwarranted, at least till after the time limited for the defendants' appearance (to wit January 9, 1893) had elapsed, and pursuant to Chancery Rule 105, and especially so in this suit, when they were restrained by the injunction issued from interfering with their property.

"3. The order appointing a receiver was unwarranted when it appeared by the sworn answer of the defendants that they had no property as set forth in the bill or otherwise; and especially when they had therein averred that the balance of the account growing out of the dealings between complainant and themselves stood, to the extent of $175, in their favor, and to such extent a creditor of complainant, instead of his debtor.

"4. Under the pleadings in the suit at the time of making said order, complainant's bill, in effect, stood dismissed by the sworn answer, and so stood till the answer was overcome by the proofs under complainant's replication, and in the manner complainant himself had selected, to wit, in open court, as in a case at law.

"5. The defendants having answered, traversing complainant's bill, the suit was thereafter governed by the general rules of chancery practice. Rule 105 thereafter became of no further consequence in this suit.

"6. That the proceedings and orders made subsequent to the order complained of were purely vexatious, and wholly unwarranted."

The first point made is that the bill does not point out the property that the complainant seeks to reach. Were this a bill in aid of execution seeking to reach specific

property, there might be force in the objection. But it is seeking to reach property or interests which are unknown by the complainant, and perhaps concealed. The bill asks information by way of discovery,—an idle ceremony if the complainant had proof of the facts and the property for which he asks discovery. *Clark v. Davis*, Harr. Ch. 227; Barb. Ch. Pr. bk. 5, chap. 1, § 6.

The contention that Rule 105 relieves the defendant from the appointment of a receiver until such time as, under the rule, he shall have failed to deliver the written consent permissible, is without force. If it were not, the appointment of a receiver before such time, except by consent, would be cut off by the rule.

The assertion that a receiver cannot be appointed after answer filed and before replication, or until the proofs show that there is property to go into the hands of a receiver, cannot be supported by authority. *Rankin v. Rothschild*, 78 Mich. 10.

A broad discretion is lodged in the circuit court as to the appointment of a receiver in cases where executions have been returned unsatisfied, and we see no evidence that it has been abused in this case. *Rankin v. Rothschild*, 78 Mich. 10; *Bagley & Co. v. Scudder*, 66 Id. 97.

The order appealed from will be affirmed, with costs.

McGRATH, LONG, and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.