A. G. Edwards & Son Brokerage Company,
Respondent, v. Alfred F. Rosenheim
et al., Appellants.

St. Louis Court of Appeals, April 12, 1898.

1. **Equity**: PRACTICE, TRIAL: PROOF: PLEADING. The proof which a
court of equity requires that a suit at law would be inadequate is the
production of judgment on the debt sought to be enforced and a
return of *nulla bona* to an execution issued thereon. When these
facts are made to appear in one count in the petition, it would seem
to be a vain and useless thing to send liquidated claims contained in
other counts to a court of law, to be there reduced to judgments
before they can be considered in an equitable proceeding of the char-
acter in the case at bar.

2. **Garnishment**: PARTNERSHIP ASSETS: PLEADING. In an equitable
garnishment of partnership debtors by a judgment creditor of an
individual member of a partnership, it is not perceived how this
floating lien can be anchored in a court of equity by a partner in
opposition to the equitable garnishment, without the objecting part-
ners making an exhibit of the partnership assets and furnish the
court with a list of the partnership creditors themselves.

*Appeal from the St. Louis City Circuit Court.*—Hon.
L. B. Valliant, Judge.

Affirmed.

R. M. Nichols for appellant.

"The interest of each partner is a right to a share
of the surplus after all debts of the firm have been paid,

including the adjustment of balances due to the partners who have advanced more than the others, and it is his interest only which is to be taken. A partner has no right to any specific chattel, nor to divide a portion of the partnership property from the general fund as his share, and his creditor, therefore, has no such right.'' 2 Clement Bates on Partnership, sec. 1068, p. 1082; Lovell v. Farris, 24 Mo. App. 445. Partnership creditors have no lien upon partnership assets; but in a court of equity partnership creditors have a right of payment out of partnership assets in preference to private creditors, and when it is shown to a court of equity that partnership creditors will go unpaid or lose their right, a court of equity will enforce what is known as a partners' lien for the benefit of firm creditors. 3 Pom. Eq., sec. 1343; Coggshall v. Munger, 54 Mo. App. 423. In November or December, 1896, after this suit was brought and all the firm assets tied up, Link & Rosenheim were compelled to borrow $5,000 by obtaining a solvent indorser, and this fund was raised to pay off pressing creditors of the firm and to pay individual expenses in living, instead of applying any part to respondent's claim. This testimony so incensed the honorable and able chancellor that he made the erroneous ruling in this case. A creditor can not invoke the aid of a court of equity in the collection of his debt. He must first reduce his promissory note to a judgment and exhaust his remedies at law. Reyburn v. Mitchell, 106 Mo. 365.

ALBERT N. EDWARDS for respondent.

The appellant firm assigns as error that the circuit court's ruling disregards the rights of firm creditors. There are, however, no firm creditors objecting to the judgment nor the equitable garnishees appealing. It

is apparent that Rosenheim, the judgment debtor, is endeavoring to shield his assets under cover of rights claimed in others who are themselves making no such claims. Partnership creditors have no lien on partnership effects. Each partner has a lien but this lien may be waived by him and whatever the firm does in good faith with the partnership property is binding on the firm creditors. The firm creditors' right of priority arises only in the administration of the partnership effects. Turner v. McKean, 46 Mo. App. 486; McDonald v. Cash, 57 Mo. App. 536; In re Estate of Edwards, 122 Mo. 426. The service of process in a creditor's bill is equivalent to a levy. Freeman on Executions [2 Ed.], sec. 434, p. 1389, and cases cited.

BLAND P. J.—Defendants, Rosenheim & Link, are partners doing business as architects, under the firm name of Rosenheim & Link. The other defendants are debtors of the firm of Link & Rosenheim. Prior to the commencement of this suit the respondent (a corporation) recovered a judgment against A. F. Rosenheim for the sum of $425, upon which an execution had been issued and returned *nulla bona.* The respondents were also the owners and holders of Rosenheim's overdue note for $139.95, which had not been reduced to a judgment. The suit is a bill in equity for the purpose of subjecting the interest of Rosenheim in STATEMENT. the assets of the partnership of Link & Rosenheim, to the payment of Rosenheim's indebtedness to respondents. The first count of the petition is predicated upon the judgment of $425. The second on the overdue note of $139.95. The defendants other than Link & Rosenheim were alleged to be debtors of the firm, and the respondents sought to garnishee them as such debtors. The garnishees filed separate answers, all denying any indebtedness to

the partnership. Link & Rosenheim, in addition to a general denial, answered specially, that the assets of the copartnership were insufficient to pay the partnership debts, and averred that the debts due from the garnishees should be first applied to the payment of partnership debts, but failed to set out specifically the assets of the partnership or their value, or to name the creditors of the concern, or the amount due from the partnership to its creditors. Respondents read in evidence their judgment recovered against Rosenheim for $425, the execution issued thereon, and the return of the *nulla bona* to the execution, also the note of Rosenheim for $139.95. The evidence of respondents also tended to prove that Rosenheim, after the commencement of the suit had, with the consent of Link, drawn $2,200 cash from the partnership for his private use. The evidence tended to prove, and the court found, that at the date of the service of the equitable garnishments, the garnishees were indebted to Link & Rosenheim in the following sums: The Continental National Bank owed the partnership $500, the Lindell Avenue Methodist Church $600, and the Congregation Shaare Emeth $800; that the latter, after service of the writ, had paid to Link & Rosenheim about all that it owed them. The evidence on the part of appellants tended to show that the partnership owed more than the value of its assets. The court found that Rosenheim was indebted to the respondents on the first count in the petition in the sum of $467.15, and on the second count in the sum of $146.37—total $613.52, and rendered judgment against the garnishees as follows: Against the Continental National Bank for $250; the Lindell Avenue Methodist Church for $300, and against the Congregation Shaare Emeth for $400, and awarded execution against the bank and the Methodist Church for the

EVIDENCE.

amounts due from each of them, and against the Congregation Shaare Emeth for the sum of the $400 found to be due from it as should be necessary to pay balance of its judgment after collections from bank and the church. After unsuccessful motions in review and arrest, the defendants appealed.

Appellant's first contention is that the respondent can not maintain its action on the second count of its petition, for the reason that the debt had not been reduced to a judgment. That this is the general rule, is well settled. Crim v. Walker, 79 Mo. 335; Humphreys v. Atlantic Milling Co., 98 Mo. 584; Mullen v. Hewitt, 103 Mo. 639. But there are exceptions to the rule, and the rule does not apply where the reason of the rule does not exist. The reason of the rule is that EQUITY: proof in court of equity. plaintiff has an adequate remedy at law and a court of equity must be satisfied that such a remedy would be wholly unavailing, before it will take jurisdiction. The proof which a court of equity requires, that a suit at law would be inadequate, is the production of judgment on the debt sought to be enforced and a return of *nulla bona* to an execution issued thereon. When these facts are made to appear in one count in the petition, it would seem to be a vain and useless thing to send liquidated claims contained in other counts to a court of law, to be there reduced to judgments before they can be considered in an equitable proceeding of this character. A court of equity will not require such a useless ceremony before entertaining jurisdiction. Huntington v. Nichol, 3 Johns. 566; State Savings Ass'n v. Kellogg, 52 Mo. loc. cit. 589; Carp v. Chipley, January 4, 1898, St. Louis Court of Appeals unreported. The second contention of appellants is that the copartnership being insolvent, the firm creditors have an equitable lien

VOL. 74 app—40

·upon the assets of the partnership, to be first paid, and that the respondents' claims should be postponed until the partnership creditors are satisfied.

The partnership creditors were not before the court, nor was the answer such an one as to have enabled the court to have brought them in, if it should have desired, nor are any facts alleged by which the court could have properly adjusted the claims of any conflicting creditors, if there had been such. It may be conceded that where partnership creditors and a creditor of an individual member of a partnership are before a court contesting for the application of partnership assets to the payment of their respective claims, equity at the instance of a member of the partnership will give preference to the partnership creditors, and this preference is called an EQUITABLE lien. equitable lien, but it can only be worked out through one or more of the partners, for the lien exists not in favor of the creditors, but in favor of the members of the partnership and is a partner's lien. Bates on Law of Partnership, sec. 820; Reyburn v. Mitchell, 106 Mo. 365; Goddard-Peck Grocery Co. v. McCune, 122 Mo. 426; Hardware Co. v. Randell, 69 Mo. App. loc. cit. 345. In an equitable garnishment of partnership debtors by a judgment creditor of an individual member of a partnership, it is not perceived how this floating lien can be anchored in a court of equity by a partner in opposition to the equitable garnishment, without the objecting partner or partners make an exhibit of the partnership assets and furnish the court with a list of the partnership creditors and a statement of their claims, and in the absence of the partnership creditors themselves. There is nothing of this kind presented in this case, and the court was powerless to lay its hands upon the assets and creditors

of the partnership and make an equitable adjustment as between them and the respondents.

We are unable to discover any error in the record and affirm the judgment. Judge BOND concurs; Judge BIGGS dissents.