CENTRAL NATIONAL BANK OF CLEVELAND *v.* GRAHAM.

1. CREDITOR'S BILL — VALIDITY OF JUDGMENT — PRESUMPTIONS.
   The presumption of the validity of a judgment cannot be overcome by an allegation in the answer to a creditor's bill, that the judgment on which the bill is founded was upon notes, in the giving of which defendant "was grossly swindled," that he was not aware of the trial when the case was tried, and that the trial was a conspiracy on the part of complainant and others.

2. SAME—RECEIVERS—EXAMINATION BEFORE COMMISSIONER—SUMMONS.
   A summons may be issued against a judgment debtor against

whom a creditor's bill is pending, and for whom a receiver has been appointed, requiring him to appear before a circuit court commissioner for examination, although proof has not been made of service of the order appointing a receiver, where such order, a copy of which is before the commissioner, directs him to issue a summons on request.

3. SAME—CONTEMPT—STAY OF PROCEEDINGS.

A judgment debtor for whom a receiver has been appointed may be adjudged guilty of contempt in disobeying an order to attend a hearing before a circuit court commissioner for examination, although a petition taken by him to stay the receivership proceedings is pending, where no temporary stay preventing the judgment creditor from proceeding has been made.

Appeal from Wayne; Lillibridge, J.  Submitted October 20, 1898.  Decided November 9, 1898.

Judgment creditor's bill by the Central National Bank of Cleveland, Ohio, against James Graham.  From an order denying an application to stay receivership proceedings, and adjudging defendant guilty of contempt in failing to respond to the summons of a circuit court commissioner, defendant appeals.  Affirmed.

*Bowen, Douglas & Whiting,* for complainant.

*John Galloway (Elliott G. Stevenson,* of counsel), for defendant.

MONTGOMERY, J.  The complainant on the 23d of March, 1898, recovered a judgment of $12,000 and upwards against the defendant in the Wayne circuit court. On the 12th of May following, a creditor's bill in the usual form was filed, and, on the 19th of May following, Henry G. Nicol was appointed receiver of the property of the defendant, by an order which also required the defendant to appear before a circuit court commissioner for examination.  On the 16th of June a circuit court commissioner's summons was issued, requiring him to attend a hearing on the 23d of June of the matters in said case in

reference before said commissioner. He failed to appear on the 23d of June, and a petition for an order to show cause why he should not be adjudged guilty of contempt was filed; and, upon an order to show cause being served, he made answer that, upon receiving a copy of the receivership order, he caused a petition to be prepared, praying that said order appointing the receiver be vacated or stayed until the issue made by his answer regarding the validity of the judgment upon which the proceedings were based be determined. The court on the 28th of June made two orders,—the one denying the application to stay the receivership proceedings, and the other adjudging the defendant guilty of contempt. The defendant appeals from both these orders.

It should be further stated that the defendant has filed an answer in the original suit, in which he sets up that the judgment obtained against him was obtained upon notes, in the giving of which he was "grossly swindled;" that he was not aware of the trial of the case at law when it was tried; that "the trial was a conspiracy on the part of the complainant, its agents, attorneys, and others, to prevent this defendant from presenting any further application for a continuance." It will not be necessary to determine whether the answer sets up any defense which can be recognized if the defendant should find himself able to establish the averments by proof. It is sufficient to say that the presumption of the validity of this judgment cannot be overcome by the averments of the answer, and it cannot be said that the circuit judge abused his discretion in refusing to vacate the order appointing a receiver. *Williams* v. *Hubbard*, 1 Mich. 446; *Turnbull* v. *Lumber Co.*, 55 Mich. 387; *Dutton* v. *Thomas*, 97 Mich. 93.

It is urged against the order adjudging the defendant guilty of contempt that the commissioner had no authority to issue the summons in question, requiring the defendant to appear, until he had before him proof of service of the order appointing a receiver. The order appointing a re-

ceiver directs the commissioner to issue a summons upon request.   A copy of this order was before the commissioner, and this was sufficient.   *Whipple* v. *Stewart,* Walk. Ch. 357.

The only other claim which needs to be noticed is that the defendant could not be adjudged guilty of contempt pending the hearing of his petition to stay the receivership proceedings.   The answer to this is that there was no temporary stay preventing the complainant from proceeding.   The whole case indicates a purpose on the part of the defendant to delay proceedings.

The orders appealed from will be affirmed, and complainant allowed an additional solicitor's fee of $25.

GRANT, C. J., MOORE and LONG, JJ., concurred. HOOKER, J., did not sit.