McBRIDE v. WAYNE CIRCUIT JUDGE.

1. CREDITORS' SUITS—CREDITOR MUST HAVE JUDGMENT TO ENTITLE HIM TO EQUITABLE RELIEF.

General creditor must obtain judgment at law before he can have relief against his debtor in equity, whether by judgment creditor's bill, bill in aid of execution, or otherwise (3 Comp. Laws 1915, § 12302 [6]).

2. SAME—NONJUDGMENT CREDITOR NOT ENTITLED TO PARTICIPATE IN JUDGMENT CREDITOR'S SUIT.

Judgment creditor's suit is an individual proceeding to collect specific debt, not a proceeding for distribution of debtor's property among his creditors generally, and therefore nonjudgment creditors have no right to participate in such suit (Circuit Court Rules Nos. 60, 61).

3. APPEAL AND ERROR—RECEIVERS—MANDAMUS.

Appeal is proper remedy for review of order appointing receiver.

4. CREDITORS' SUITS—RECEIVERS—ABUSE OF DISCRETION.

Where judgment creditor's bill was met by cross-bill attacking judgment as void for lack of service of process, court did not abuse its discretion in appointing receiver *pendente lite*.

5. MANDAMUS—CREDITORS' SUITS—NONJUDGMENT CREDITORS.

Mandamus will issue requiring vacation of order permitting non-judgment creditors to intervene in judgment creditor's suit.

Mandamus by James F. McBride against L. Eugene Sharp, Wayne circuit judge, to compel defendant to vacate an order appointing a receiver and permitting nonjudgment creditors to intervene. Submitted January 14, 1930. (Calendar No. 34,639.) Writ granted as to vacation of order permitting intervention of nonjudgment creditors March 6, 1930.

[*] Continued from Vol. 249.

As to necessity of obtaining judgment before relief in equity, see annotation in 23 L. R. A. (N. S.) 10.

*Don M. Harlan,* for plaintiff.

*Fixel & Fixel,* for defendant.

FEAD, J.  J. L. Stendel and two others joined in
a judgment creditor's bill against this plaintiff,
McBride. McBride's cross-bill challenged the judg-
ments as void for lack of service of process. On
motion of the plaintiffs, a receiver was appointed.
Motion was made by a nonjudgment creditor to be
permitted to intervene as a plaintiff, and granted.
Later, motion was made by another nonjudgment
creditor for leave to intervene. McBride then filed
a motion to deny the second petition to intervene
and to vacate the former orders permitting inter-
vention and appointing a receiver, upon his paying
into court the amount of the judgments and costs,
the money to be held to await determination of the
suit. The motion was denied and the second non-
judgment creditor allowed to intervene. McBride
asks mandamus to compel the court to vacate the
orders for intervention and appointing a receiver.
The court returned that McBride's offer to pay into
court was not made in good faith, that there was
no tender or deposit or any overt act of payment.
McBride claims he had the money available, but
not in the courtroom. He thinks he should have
had an order of vacation, effective on his depositing
the money within a stated time.

It is conceded that a nonjudgment creditor can-
not bring a judgment creditor's suit. But in some
States he may be permitted to intervene in an action
properly brought (*State* v. *Foot,* 27 S. C. 340 [3 S. E.
546]; *Carp* v. *Chipley,* 73 Mo. App. 23; *Edwards &
Sons* v. *Rosenheim,* 74 Mo. App. 621), at least where
the bill is filed on behalf of all creditors (*Pennell* v.
*Lamar Insurance Co.,* 73 Ill. 303).

The precise question has not been determined in this State, but the rule has been rigidly adhered to that a general creditor must obtain a judgment at law before he can have relief against his debtor in equity, whether by judgment creditor's bill, bill in aid of execution, or otherwise. *Comstock* v. *Horton,* 235 Mich. 282; *DeGuzman* v. *Wayne Circuit Judge,* 225 Mich. 606; *In re Abbott,* 187 Mich. 229; 3 Comp. Laws 1915, § 12302 (6); *Gillen* v. *Wakefield State Bank,* 246 Mich. 158. Usually the creditor is also required to take out execution and have it returned unsatisfied, or levy made, but this rule has been relaxed in some proceedings to permit him to intervene without the issuance and return of an execution, where an attempt to levy would be a vain and idle ceremony because the debtor's property is in the hands of a receiver. *In re Abbott, supra.*

The reason for the rule requiring judgment is as summed up in note in 23 L. R. A. (N. S.) p. 10, and approved in the *Abbott Case:*

"The real basis of the rule that a judgment at law is a condition precedent to affirmative equitable relief on behalf of a creditor is, therefore, that the debtor has the right to have the issue of indebtedness determined by jury."

Circuit Court Rules Nos. 60 and 61 treat of the practice as to creditor's bills and receivers thereunder. Section 1, Rule No. 60, requires the bill to show that it is not exhibited "for the purpose of protecting the property or effects of the debtor against the claims of other creditors, but for the sole purpose of compelling payment and satisfaction of the plaintiff's own debt."

Section 2, Rule No. 61, provides that the receiver "shall hold such property and effects for the benefit of all creditors who have commenced, or shall

commence, similar suits, during the continuance of his trust, to be disposed of according to their legal or equitable priorities.''

Section 3 provides that ''when another suit is commenced after the appointment of a receiver the same person may be appointed receiver of such subsequent suit, and shall give such further security as the court shall direct. He shall keep a separate account of any property or effects of the debtor which may have been acquired since the commencement of the first suit.''

The purport of these rules is that a judgment creditor's suit is an individual proceeding to collect a specific debt, not a proceeding for the distribution of a debtor's property among his creditors generally. As the rules provide for the protection of other judgment creditors than the plaintiff, and contain no provision for the participation of nonjudgment creditors in the suit, it is apparent the latter have no place in the proceeding.

We see no reason for a departure from the traditional legislative and judicial policy of the State to preserve to a debtor the right of trial at law and to a diligent creditor the opportunity for his legitimate advantage.

Appeal is the proper remedy for review of an order appointing a receiver. *Pontiac, etc., R. Co.* v. *Oakland Circuit Judge,* 142 Mich. 257. We do not think the court abused its discretion in appointing a receiver *pendente lite* because of this plaintiff's claim in his cross-bill that the judgments are void. *Rankin* v. *Rothschild,* 78 Mich. 10; *Central National Bank* v. *Graham,* 118 Mich. 488. Nor in view of the return are we satisfied that plaintiff made a *bona fide* offer to pay the amount of the judgments into court. We have no doubt that if such deposit is ac-

tually made, and the receivership thereby be unnecessary, the order will be vacated.

The writ will issue, but without costs, to require vacation of the orders permitting the nonjudgment creditors to intervene.

Clark, Sharpe, and North, JJ., concurred with Fead, J. Wiest, C. J., and Butzel, McDonald, and Potter, JJ., concurred in the result.