CHARLES V. ADEE, Appellant, *v.* JAMES BIGLER, Impleaded, etc., Respondent.

To entitle a creditor to the aid of a court of equity in reaching assets there must be a judgment, an execution issued thereon and a return thereof· unsatisfied.

The fact that the debtor is an insolvent corporation and has conveyed its property in contravention of the statute does not authorize a resort to. equity until the remedy at law has been thus exhausted.

Nor can an equitable action be upheld on the ground that the appointment of a receiver is necessary to preserve the property from misappropriation and waste pending the litigation.

The provision of the Code of Civil Procedure in relation to receivers (§ 713) has not changed the practice in this respect or established any new rule authorizing an equitable action before a judgment is obtained.

(Argued April 27, 1880 ; decided June 8, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendant Bigler entered upon an order sustaining a demurrer to plaintiff's complaint.

The complaint in this action alleged in substance that defendant, The Hudson River & Kennebec Ice Company, a corporation duly organized, etc., was indebted to plaintiff in a sum specified for money loaned. That said corporation prior to January 4, 1877, was the owner of real estate and other property of the value of $80,000. That said corporation was at the date specified wholly insolvent, and on that date conveyed all of its said property to defendant Bigler, a creditor of the corporation, who well knew, at the time, of such insolvency, with the understanding that Bigler should carry on the business, pay off debts and incumbrances, etc., and upon repayment thereof and of his claims, reconvey the property. That Bigler has contracted to sell the property and is about to execute conveyances, and had refused to do any thing in regard to plaintiff's claim. The relief sought was that judgment be rendered against the corporation for the amount of plaintiff's claim ;

that the transfer to Bigler be set aside and that a receiver of the property be appointed.

Defendant Bigler, who alone appeared, demurred on the ground that the complaint did not set forth a cause of action.

*Peter Van Antwerp* for appellant. This action is sustain-able because the ice company, at the time of its assignment to the defendant Bigler, was insolvent. (2 R. S. [5th ed.] 600; 2 Edm. R. S. 483; 9 Wend. 561, 562.) A receiver could be appointed, one being necessary for the preservation of the property pending litigation. (*Haggarty* v. *Pitman,* 1 Paige, 298; *Lawrence* v. *Greenwich Fire Ins. Co.,* id. 587; *Inness* v. *Lansing,* 7 id. 583; *Gillet, Receiver of St. Lawrence Bank,* v. *Moody,* 3 N. Y. 479; *Haines* v. *Hollister,* 64 id. 61; Code of Civil Procedure, § 713; *Conro* v. *Port Henry Iron Co.,* 12 Barb. 27–58; *Dambman* v. *Empire Mill,* 12 id. 341, 345; *Hyde* v. *Lynde,* 4 N. Y. 392.)

*Field & Deyo* for respondent. A suit in equity to reach assets and apply them to the payment of a money demand on contract can only be brought after judgment at law against the debtor, and the return of an execution wholly or partly un-satisfied. (2 R. S. 173, § 38; *Dunlevy* v. *Tallmadge,* 32 N. Y. 457; *Beardsley Scythe Co.* v. *Forster,* 36 id. 565; *Ocean Nat. Bank* v. *Olcott,* 46 id. 12; *McElwain* v. *Willis,* 9 Wend. 560.) Allegations of fraud or insolvency do not affect the rule. (*Wiggins* v. *Armstrong,* 2 Johns. Ch. 144; *Estes* v. *Wilcox,* 67 N. Y. 264.)

*Per Curiam.* The plaintiff in his complaint claims that he has a valid claim against the defendant for money loaned, and asks for judgment for the amount of his claim, and that a con-veyance and transfer of the property of the company be set aside, and for the appointment of a receiver.

It is urged that an action can be sustained to set aside the conveyance and transfer, upon the ground that it was made by an insolvent corporation, in contravention of the statute. There is no force in this position, and the remarks cited from

the opinion of NELSON, J., in *McElwain* v. *Willis* (9 Wend. 548), are not applicable where no judgment has been obtained. That case expressly holds, that to entitle a creditor to the aid of a court of equity, there must be a judgment, an execution on the same, and a return. Nor can the action be upheld upon the ground that the appointment of a receiver is necessary to preserve the property from misappropriation and waste, pending the litigation. The cases cited in support of this position are special, where the claim of a party to share in the distribution of a fund is conceded or established, or the proceeding was expressly sanctioned by statute, and the plaintiff is not brought within the rules laid down.

The provision of the Code of Civil Procedure has not changed the practice in this respect, or established any new rule which authorizes an equitable action before a judgment is obtained. While section 713 may well apply, in some cases, where the right to, or interest in, the property is apparent, it does not confer an equitable remedy under ordinary circumstances, where no judgment has been obtained.

The rule is well settled by a series of adjudications, that, until a creditor has obtained a judgment at law for his demand against the debtor, and the return of an execution unsatisfied, an action in equity will not lie to reach assets and apply them to the payment of a moneyed demand arising upon contract. (2 R. S. 173, § 38; *Dunlevy* v. *Tallmadge*, 32 N. Y. 457; *Beardsley Scythe Co.* v. *Foster*, 36 id. 565; *Ocean Nat. Bank* v. *Olcott*, 46 id. 12; *McElwain* v. *Willis, supra*.) Before judgment and execution, a creditor at large is not entitled to the interference of a court of equity on the ground of fraud. (*Wiggins* v. *Armstrong*, 2 Johns. Ch. 144.) Nor do allegations of insolvency change this well-established rule. (*Estes* v. *Wilcox*, 67 N. Y. 264.)

In accordance with the authorities cited, the judgment should be affirmed, with leave to the plaintiff to amend his complaint upon the usual terms.

All concur.

Judgment affirmed.