C. H. LITTLE CO. *v.* WOODWARD AVENUE CEMETERY ASS'N.

1. EQUITY PRACTICE—GENERAL DEMURRER—BILL GOOD IN PART.
   If a bill in chancery contains any ground of equitable relief, a general demurrer must be overruled as to the whole bill.

2. EQUITY JURISDICTION—CORPORATIONS—SUBSCRIPTIONS TO STOCK —PAYMENT.
   Equity has jurisdiction, independent of statute, to compel the payment of subscriptions to the capital stock of a corporation for the benefit of its creditors.

3. SAME—CEMETERY ASSOCIATIONS.
   3 Comp. Laws, § 9780, exempting the "proprietors of incorporated burying grounds" from the provisions of the chapter of which it is a part (*i. e.*, chapter 269, relating to proceedings against corporations in chancery), does not prevent the chancery court from entertaining a suit by a judgment creditor of a cemetery association organized under 3 Comp. Laws, § 8399 *et seq.*, whose execution has been returned unsatisfied, to compel the stockholders of such association to pay the amount unpaid on their stock subscriptions.

Appeal from Wayne; Brooke, J. Submitted November 5, 1903. (Docket No. 93.) Decided December 22, 1903.

Bill by the C. H. Little Company against the Woodward Avenue Cemetery Association, Daniel L. Davis, Silas A. Hillman, Frank G. Jacobs, and others, to compel the payment of subscriptions to the capital stock of defendant corporation. From an order sustaining in part a demurrer to the bill, both parties appeal. Reversed (complainant prevailing).

The bill in this case alleges that on November 20, 1902, the complainant recovered a judgment in the justice court, at Detroit, against the defendant the Woodward Avenue Cemetery Association, a corporation, for the sum of

$242.22 damages, and costs; that a transcript of said judgment was duly taken to the circuit court for Wayne county, an execution issued, and returned in due time wholly unsatisfied, and that the consideration for said judgment was a note given for goods, wares, and merchandise sold the cemetery association, to be used upon the land, for the betterment thereof, in which the cemetery association claimed to have some interest, located on Woodward avenue, in the township of Greenfield, in Wayne county; that its articles of association were filed, and that defendants Jacobs, Hillman, Davis, and others were subscribers to the capital stock of said association; that it further appears by the affidavit of Charles Wright, the treasurer thereof, that all of the capital stock had been subscribed for, and that 20 per cent. of the amount of capital subscribed for had actually been paid in, but complainant avers upon information and belief, and charges the fact to be, that such 20 per cent. had not at the time thereof been paid in, nor any part thereof, and that none of the capital subscribed for has since been paid in by said subscribers, or any or either of them, or any part thereof, and that said subscribers, conspiring together to defraud its creditors and defeat them in the collection of their accounts, and particularly complainant herein, maliciously and willfully caused said affidavit to be executed and filed with said articles of incorporation, well knowing the same to be false and untrue; that it was the object of the cemetery association to buy the 40 acres of land out Woodward avenue, and to make and maintain perpetually thereon a burying ground and cemetery, and sell lots and rights of burial therein, and that said cemetery association was organized under 3 Comp. Laws, §§ 8399–8412, being "An act to authorize and encourage the formation of corporations to establish rural cemeteries, and provide for the care and maintenance thereof;" that the project of establishing a cemetery as aforesaid has been abandoned; that it now has no land, and no tangible property subject to levy and sale under execution, and that, so far as known, the only

asset of said association is the liability of said subscribers to the capital stock thereof for their subscriptions thereto; and that this bill is filed for the purpose of enforcing payment of the unpaid subscriptions to said capital stock, and the whole thereof, or such portion as may be necessary to satisfy any decree which may be entered herein, with costs. The prayer for relief is that the court may ascertain and determine the amount remaining unpaid by, and due from, each and every of the subscribers to the capital stock of the cemetery association, and that it order, direct, and enforce, by proper proceedings herein, payment of the unpaid portion thereof, or so much thereof as may be necessary for the purpose aforesaid, into this court, or to a receiver, for the use and benefit of complainant, from any or all of the said subscribers, and in case it shall be determined that such order cannot be enforced as against any such subscriber or subscribers by reason of his or their insolvency, or that he or they be not within the jurisdiction of this court, then that the remaining subscribers, or any of them, may be ordered and directed to pay in the full amount remaining unpaid on their subscriptions, and that a receiver be appointed, etc.

The defendants Jacobs, Hillman, and Davis demurred to the said bill for the following reasons:

1. That the only provisions of the statutes of this State under which the complainant can claim the relief asked for in its bill in this case are found in chapter 269 of the Compiled Laws (sections 9755–9780), and that section 26 (3 Comp. Laws, § 9780) of said chapter provides that " the provisions of this chapter shall not extend to any incorporated library or lyceum society; to any religious corporation, or any incorporated academy or select school; nor to the proprietors of any burying ground incorporated under the laws of this State."

2. That the claim upon which judgment was rendered in favor of the complainant and against the cemetery association was not a labor claim.

3. That no liability is imposed upon stockholders for the debts of a cemetery association under the act under which this cemetery association was organized.

Upon the hearing of this demurrer, it was sustained, as to any relief against any of the defendants, to the extent of 80 per cent. of the amount of the capital stock of the company, and overruled as to 20 per cent. of the amount of the capital stock of the company; and it is as to this 20 per cent. that the defendants Jacobs, Hillman, and Davis appeal. Complainant also appeals.

*Willard E. Warner*, for complainant.

*Patterson & Patterson*, for defendant Jacobs.

*D. L. Davis* (*P. B. Bromley*, of counsel), for defendants Davis and Hillman.

Grant, J. (*after stating the facts*). 1. The court erred in sustaining the demurrer in part and overruling it in part. When a bill in chancery contains any ground of equitable relief, a general demurrer must be overruled as to the whole bill. The complainant is entitled to an answer, and all the questions will arise upon the final hearing upon pleadings and proofs. *Williams* v. *Hubbard*, Walk. Ch. 28; *Clark* v. *Davis*, Har. Ch. 227; *Thayer* v. *Lane*, Id. 247; *Hawkins* v. *Clermont*, 15 Mich. 511. However, inasmuch as both parties have appealed, have fully argued the question involved, and are evidently desirous of its adjudication, we determine the question.

2. The defendant corporation was organized under Act No. 12, Laws 1869, entitled "An act to authorize and encourage the formation of corporations to establish rural cemeteries, and provide for the care and maintenance thereof." 3 Comp. Laws, §§ 8399–8412. Section 2 (3 Comp. Laws, § 8400) of the act provides for articles of incorporation, which shall state the amount of land which it is proposed to purchase, the amount of capital required to make such purchase and to fence and improve the grounds, the number of shares, and the names of the subscribers to the stock, with the number of shares subscribed by each, etc. Section 3 (3 Comp. Laws, § 8401) provides that, at

the time of the subscription to said capital stock, 20 per cent. of the amount subscribed by each must be paid into the treasury, and when the whole amount of the capital stock is subscribed, and said 20 per cent. actually paid in, a copy of the articles of association, together with the affidavit of the treasurer that 20 per cent. has actually been paid in, may be filed in the office of the county clerk.

Chapter 269 of the Compiled Laws relates to proceedings against corporations in chancery. It provides, among other things, that circuit courts in chancery shall have jurisdiction over directors and other officers of said corporations, to compel an accounting of their official conduct, etc. It provides, also, for sequestering the property of a corporation where a judgment at law or decree in chancery shall be obtained, and an execution returned unsatisfied. Section 9780, 3 Comp. Laws, reads:

" The provisions of this chapter shall not extend to any incorporated library or lyceum society; to any religious corporation, or any incorporated academy or select school; nor to the proprietors of any burying ground incorporated under the laws of this State."

It is the contention of the defendants that the bill in this case is filed under chapter 269, and that the section above quoted prohibits the maintenance of the bill in this case. If this contention be maintained, it follows that there is no liability imposed upon the stockholders of the corporations enumerated in section 9780 to pay for their stock which they have subscribed and own. A corporation for cemetery purposes may buy land, issue its obligation to the purchaser, due at a future time, and may contract for building the necessary house or houses thereon, the erection of fences, etc.; but, when these creditors ask for payment, the corporation may, through its directors and stockholders, say to them: " We have no tangible property which you can reach upon execution. We have not paid for our subscriptions, and you cannot compel us to, because the statute prohibits it." Such a proposition is shocking to the moral sense of every honest man. It is

not reasonable to suppose that the legislature intended the statute to relieve stockholders in these corporations from all liability for payment of their stock.   Courts will not so construe the statute if any other construction is reasonably possible.   The statute, upon its face, is not susceptible of this construction.   It contemplates that the capital stock of the corporation shall be paid into its treasury to meet its legal obligations.   It expressly provides that 20 per cent. shall be paid in as a prerequisite to the filing of its articles of association.   Until this amount is paid, it is doubtful whether there is any legal incorporation.   The stockholders of the corporation are not the proprietors of a cemetery; the corporation is the proprietor.

Aside from the remedies and proceedings provided by chapter 269, courts of equity have jurisdiction in many cases.   The remedies therein provided are not exclusive. If there were no statute upon the subject, equity would have jurisdiction to compel stockholders to pay the amount of the capital stock into the treasury of the corporation for the payment of its debts.   In *Brown* v. *Mining Co.*, 105 Mich. 653 (63 N. W. 1000), the bill was filed to wind up the affairs and distribute the assets of the corporation. The bill was dismissed.   We held that "the court had jurisdiction of the subject-matter independently of the statute."   So, in this case, the remedy provided by the statute is merely cumulative.   See, also, *Jordan* v. *Everett*, 93 Tenn. 390 (24 S. W. 1128); *Jones* v. *Boston Mill Corp.*, 4 Pick. 507 (16 Am. Dec. 358); *Biddle* v. *Moore*, 3 Pa. St. 161.   The bill in this case is in form the same as would be filed if no statute existed.   It does not refer to the statute.   It is the common-law duty of a creditor in such cases to proceed first against the property of the corporation, to ascertain if any can be found to satisfy his debt, before proceeding against the stockholders.   The proceeding against the stockholders would be entirely unnecessary if there were tangible assets subject to the payment of creditors.   But, as already stated, this act upon which the defendants rely does not exempt them from

proceedings to compel the payment of their subscriptions. It will not be doubted that the directors might make an assessment and sue the stockholders for the purpose of paying the debts of the corporation, and that it would be their duty, both morally and legally, to do so. What they have the power to do, and what, in good conscience and law, they ought to do, courts of equity have the jurisdiction to compel them to do.

The case is remanded for further proceedings in accordance with this opinion. The complainant will recover the costs of this court.

MOORE, CARPENTER, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.