McKEE *v.* CITY GARBAGE CO.

1. Creditor's Suit—Creditor Entitled to Maintain—Judgment —Lien—Corporations.

A creditor having neither a judgment against, nor a lien upon, the property of his debtor, has no right to complain of the distribution of that property, though the debtor is a corporation, is insolvent, and has no expectation of continuing its business.

2. Corporations—Insolvency—Assets—Rights of Creditors— Trust Fund Doctrine.

The doctrine that the creditors of an insolvent corporation have an equitable lien on its assets and are entitled to them pro rata does not obtain in this State.

3. Same—Banking Corporations—Statutes.

Sections 9763–9774, 3 Comp. Laws, relative to proceedings against corporations, apply only to corporations having banking powers; and therefore section 9769, authorizing a creditor of a corporation to charge its directors or superintending officers on account of any liability created by law, also applies to such corporations only as have banking powers, and does not apply to corporations generally.

4. Same—Creditors Entitled to Sue.

The " creditor" who is entitled to sue under section 9759, 3 Comp. Laws, to set aside unlawful alienations of corporate property, as provided by section 9757, must be a judgment creditor.

Appeal from Kent; Wolcott, J. Submitted May 4, 1905. (Docket No. 142.) Decided June 8, 1905.

Bill by James Langdon McKee and Oscar E. Belden against the City Garbage Company, Limited, David E. Uhl, and George P. Dowling for the appointment of a receiver and for an accounting. From an order overruling a demurrer to the bill, defendants appeal. Reversed.

*Grove & McDonald,* for complainants.

*Gleason & Lee,* for defendants.

CARPENTER, J.   Complainants commenced this suit in the circuit court for the county of Kent, in chancery, by filing a bill which, among other things, charged that the first-named defendant, the City Garbage Company, Limited, is a partnership association regularly organized for the purpose of conducting " the business of collecting and removing garbage in and from the city of Grand Rapids," under chapter 160 (sections 6079–6089, 2 Comp. Laws); that the individual defendants are the managers and members of said association; that complainant is a creditor of said association, having an indebtedness exceeding the sum of $100; that after complainant's indebtedness accrued all the property and assets of said association were transferred to and divided by said individual defendants, without any steps being taken to dissolve the association, though the period of its existence had not yet expired.   The bill prayed for the appointment of a receiver, a decree compelling a reconveyance of the transferred assets to the corporation, and a distribution of the same among the creditors and other persons entitled thereto.   Defendants demurred to the bill on several grounds.   The trial court overruled this demurrer, and an appeal was taken to this court.   Under the view we take of this case, it is necessary to consider only one of the grounds of defendants' demurrer, viz., that, as complainants were not judgment creditors, they could not maintain their bill.

The general proposition that a creditor having neither a judgment against nor a lien upon the property of his debtor has no right to complain of the distribution of that property is elementary, and is conceded by complainants.   But it is urged that that proposition does not apply to this case, where the debtor is a corporation, is insolvent, and has no expectation of continuing its business.   And they cite in support of this contention the following authorities:   *Doe* v.   *Transportation Co.,* 64 Fed. 928; *Nunnally* v.

*Strauss,* 94 Va. 255; 2 Morawetz on Private Corporations (2d Ed.), § 860, and note.   The principle underlying these exceptional cases is this:  That, when a corporation becomes insolvent and unable to carry on its business, each creditor is entitled to his pro rata share of its assets; that the creditor, under such circumstances, has an equitable lien on the assets.   See *Sutton Manfg. Co.* v. *Hutchinson,* 63 Fed. 501.   We cannot recognize that principle in this State, because we have already deliberately repudiated it.   See *Bank of Montreal* v. *Lumber Co.,* 90 Mich. 345.   Complainants cannot, therefore, maintain their suit on any general principle of equity.   Their bill must be dismissed unless they are authorized to maintain it by some statute of this State.   Is there such a statute ?

Complainants say there is.   They insist that sections 5 (section 9759, 3 Comp. Laws) and 15 (section 9769, 3 Comp. Laws) of chapter 269, constitute such a statute. This chapter was part of the Revised Statutes of 1846 (see chapter 117, Rev. Stat. 1846), and has not since that revision been amended in any respect material to this suit.   It was copied substantially verbatim from the laws of the State of New York.   See 2 Rev. Stat. 1829, pt. 3, chap. 8, tit. 4, art. 2.   It will be seen from a careful examination of this chapter that sections 9 to 20, inclusive (and this includes section 15, one of the sections relied on by complainants ), have no reference to ordinary business corporations, but refer solely to corporations having banking powers, and this is the construction placed upon the statute by the court of appeals of New York in *Mann* v. *Pentz,* 3 N. Y. 415.   See, also, *Galwey* v. *Refining Co.,* 36 Barb. (N. Y.) 256.   Complainants cannot, therefore, claim relief under section 15 ( section 9769, 3 Comp. Laws). Are they entitled to relief under section 5 ( being section 9759, 3 Comp. Laws) ?   As section 5 is to be construed in connection with section 3, we set forth the provisions of both sections:

"Sec. 3.  The circuit court within the proper county shall have jurisdiction over directors, managers, trustees,

and other officers of corporations, and over any persons who may have held such offices in any corporation, provided that proceedings are commenced within one year after they have ceased to be such directors, managers, trustees and other officers:

"*First*, To compel them to account for their official conduct in the management and disposition of the funds and property committed to their charge;

"*Second*, To decree and compel payment by them to the corporation whom they represent, and to its creditors, of all sums of money and of the value of all property which they may have acquired to themselves or transferred to others, or may have lost or wasted by any violation of their duties as such directors, managers, trustees, or other officers;

"*Third*, To suspend any such trustee or officer from exercising his office whenever it shall appear that he had abused his trust;

"*Fourth*, To remove any such trustees [trustee] or officer from his office upon proof or conviction of gross misconduct;

"*Fifth*, To direct new elections to be held by the body or board duly authorized for that purpose, to supply any vacancy created by such removal;

"*Sixth*, In case there be no such body or board, or all the members of such board be removed, then to report the same to the governor, who shall be authorized, with the consent of the senate, to fill such vacancies;

"*Seventh*, To set aside all alienations of property made by the trustees or other officers of any corporation contrary to the provisions of law, or for purposes foreign to the lawful business and objects of such corporations, in cases where the person receiving such alienation knew the purposes [purpose] for which the same was made; and,

"*Eighth*, To restrain and prevent any such alienation in cases where it may be threatened or there may be good reason to apprehend that it is intended to be made.

"SEC. 5. The jurisdiction conferred in the third section of this chapter shall be exercised as in ordinary cases on bill, or petition, as the case may require, or as the court may direct, at the instance of the attorney general, prosecuting in behalf of the people of this State, or at the instance of any creditor of such corporation, or at the instance of any director, trustee, or other officer of such cor-

poration having a general superintendence of its concerns, or by any stockholders of such corporation."

It is obvious that the averments of the bill make a case for relief under section 3 if complainant has under section 5 any right to invoke that relief. Does section 5 give to any creditor of a corporation, viz., a creditor at large, who has not secured a judgment, a right to invoke this jurisdiction ? This depends on the proper construction of the following language in section 5 :

" The jurisdiction conferred in the third section of this chapter shall be exercised   *   *   *   at the instance of any creditor of such corporation."

In *Belknap* v. *Insurance Co.*, 11 Hun (N. Y.), 282, this statute was construed. It was there held that:

"The creditor must be a judgment creditor," because, as the court well said, "any other meaning of the word ' creditor ' would involve a possible joinder of incongruous causes of action, and triable in a different way. If the debt at large was claimed to be upon contract, and the contract was denied, and the debt should be averred to be paid, how is the issue to be tried ? When the Revised Statutes were passed, a legal and equitable claim could not be joined in one complaint. [And this is true in Michigan to-day.] If ' creditor ' meant a creditor at large, with an unproven debt, why did the legislature give him a standing in a court of equity, when his very debt must be proven in a court at law."

A similar decision was made in *Cole* v. *Insurance Co.*, 23 Hun (N. Y.), 255. It is true that each of these decisions was made by the supreme court, and neither of them was reviewed by the court of appeals. *Cole* v. *Insurance Co.*, supra, was appealed, but the appeal was dismissed by consent. See *Cole* v. *Insurance Co.*, 91 N. Y. 641. There is, however, a decision of the court of appeals which throws some light on the proper construction of the statute. That decision is *Adee* v. *Bigler*, 81 N. Y. 349. There complainant, an ordinary creditor of a corporation, filed a complaint averring that he was a creditor—not a judgment creditor—of a corporation therein

specified; that such corporation, being insolvent, conveyed all its property to defendant Bigler, "who well knew, at the time, of such insolvency, with the understanding that Bigler should carry on the business, pay off debts and incumbrances, etc., and, upon repayment thereof and of his claims, reconvey the property; that Bigler has contracted to sell the property, and is about to execute conveyances, and had refused to do anything in regard to plaintiff's claim. The relief sought was that judgment be rendered against the corporation for the amount of plain-tiff's claim, that the transfer to Bigler be set aside, and that a receiver of the property be appointed." Bigler demurred. The demurrer was sustained, and plaintiff appealed. The court affirmed the case on this ground (we quote from the opinion):

" That, to entitle a creditor to the aid of a court of equity, there must be a judgment, an execution on the same, and a return. Nor can the action be upheld upon the ground that the appointment of a receiver is necessary to preserve the property from misappropriation and waste pending the litigation. * * * The rule is well settled by a series of adjudications that until a creditor has obtained a judgment at law for his demand against the debtor, and the return of an execution unsatisfied, an action in equity will not lie to reach assets and apply them to the payment of a moneyed demand arising upon contract. [Citing cases.] Before judgment and execution a creditor at large is not entitled to the interference of a court of equity on the ground of fraud. *Wiggins* v. *Armstrong*, 2 Johns. Ch. (N. Y.) 144. Nor do allegations of insolvency change this well-established rule. *Estes* v. *Wilcox*, 67 N. Y. 264."

It is to be noted that neither counsel nor court referred to the statute under consideration. If that statute authorizes complainant to maintain this suit, it authorized plaintiff Adee to maintain his suit. We are compelled, therefore, to say either that the court, in deciding *Adee* v. *Bigler*, altogether overlooked this statute, which it appears was at that time in force (see 3 Banks & Bro. Rev. Stat.

N. Y. 1875 [6th Ed.], pt. 3, chap. 8, tit. 4), or that it was of the opinion that it applied only to judgment creditors.

It is not to be presumed that the statute was overlooked. We are therefore of the opinion that *Adee* v. *Bigler*, supra, is entitled to some weight in determining the proper construction of the statute under consideration.

The construction placed on section 5 by the New York courts, viz., that the word "creditor" therein means judgment creditor, meets our approval. Complainants, not being such creditors, have no right to maintain this suit. It follows that the learned trial judge erred in overruling defendants' demurrer.

The order appealed from will therefore be reversed, with costs of both courts, and the record remanded for further proceedings.

We have assumed, in disposing of this case, though we do not decide, that the partnership association defendant is a corporation, as that term is used in the statute under consideration.

Moore, C. J., and McAlvay, Blair, and Hooker, JJ., concurred.