HATCH *v.* DAUGHERTY.[1]

HATCH *v.* SHARP.

DAUGHERTY *v.* SAME.

1 FRAUDULENT CONVEYANCES—MORTGAGES—PRIORITY.

The fact that an insolvent mortgagor, for the purpose of defrauding his creditors, furnishes money to his daughter with which to procure the assignment to herself of a first mortgage on his real estate, does not impair the security of a second mortgage on the same property, and will not operate to give the second mortgage priority over the first.

2. SAME—RIGHT TO ATTACK.

Where an insolvent mortgagor, for the purpose of defrauding his creditors, furnishes money to his daughter with which to procure the assignment to herself of the first mortgage on his real estate, it is only as a general creditor of the mortgagor that the second mortgagee can complain.

3. SAME—JUDGMENT CREDITORS.

A general creditor must obtain a judgment before he can complain that his debtor has fraudulently disposed of his property.

4. EXECUTORS AND ADMINISTRATORS — MORTGAGED PROPERTY—INSURANCE AND TAXES—PAYMENT.

The act of an insolvent mortgagor in furnishing money with which to procure the assignment of the first mortgage on his realty to his daughter constitutes a fraud upon his general creditors and his administrator will not be required to pay the holder of the first mortgage sums advanced for insurance and taxes on the mortgaged premises, the funds in the administrator's hands not being sufficient to pay the general creditors of the mortgagor, such payment, if made, being of advantage only to the second mortgagee.

Appeal from Jackson; Hopkins, J., presiding. Submitted June 5, 1906. (Docket No. 2.) Decided September 20, 1906.

[1] Rehearing denied December 17, 1906.

Bills by George N. Hatch against James L. Daugherty and others to restrain the foreclosure of a mortgage, and against John C. Sharp, administrator of the estate of James C. Deyo, deceased, and others, to foreclose a second mortgage; also by James L. Daugherty against said John C. Sharp and others to foreclose said first mortgage. The cases were heard as one, and from the decree rendered, said Daugherty appeals.    Reversed in part.

*Pringle & Hewett*, for complainant Hatch.

*Parkinson & Campbell*, for appellant.

*John C. Sharp*, in pro. per.

CARPENTER, C. J.    December 3, 1884, James C. Deyo, since deceased, executed a mortgage to one John G. Carter, upon certain land owned by him, called the "Biddle Street property," in the city of Jackson.    June 25, 1896, Carter assigned this mortgage to Luella J. Shaw, Deyo's daughter.    Luella J. Shaw subsequently assigned the mortgage to James D. Shaw, her son, and James D. Shaw subsequently assigned the same to James L. Daugherty.    January 29, 1892, Deyo gave a mortgage to George N. Hatch upon the Biddle Street property and other property.    This mortgage contained a recital that it was subject to the prior mortgage to Carter.    August 10, 1896, Deyo assigned to Luella J. Shaw, who then held said mortgage, the right to collect and receive certain rents as security for the interest due and to become due upon said mortgage.    Deyo died the 24th day of October, 1896.

The first of the three suits above named is one brought by the second mortgagee, Hatch, to obtain an injunction against the statutory foreclosure of the first mortgage. The second suit is a suit brought by Hatch to foreclose the second mortgage, and, as incidental thereto, to obtain a decree declaring that the second mortgage is a prior security to the first.    The third suit is one brought by Daugherty for the foreclosure of his mortgage.    These several suits were consolidated and heard as one in the court be-

low. Testimony was taken in open court, and a decree was rendered in accordance with the contention of the mortgagee Hatch, ordering the property sold and giving the Hatch mortgage priority to the Carter mortgage. It was also decreed that defendant Sharp, administrator of the estate of Deyo, should pay to said Daugherty from the rents collected by him, which had been assigned, as heretofore mentioned, amounts paid for insurance and taxes—aggregating $729. From that decree Daugherty, the holder of the first mortgage, appeals to this court.

The ground upon which the circuit court adjudged the Hatch mortgage to be a prior lien to the Daugherty mortgage is this: That the money with which Luella J. Shaw purchased the Daugherty or Carter mortgage was furnished by Deyo himself at a time when Deyo was insolvent, and that the purpose of purchasing said mortgage was to defraud Hatch and the other creditors of said Deyo. We think the fraud was established, but we cannot see how that fact gave the Hatch mortgage priority to the Carter mortgage. That fraud in no way impaired the mortgage security of Hatch, for after its accomplishment (viz., after the mortgage was assigned to Mrs. Shaw) he held, as he had theretofore held, his mortgage, subject to the Carter mortgage.

That fraud affected Hatch only because it diminished the funds of his debtor Deyo from which his mortgage indebtedness might have been paid. Only as a general creditor of Deyo then can Hatch complain of this fraud. He seeks relief in this case, not as a general creditor, but as a mortgagee. Indeed, he cannot claim to be a general creditor because his claim against the estate of Deyo has not been presented. Moreover, the rule is elementary that a general creditor must obtain a judgment before he can complain that his debtor has fraudulently disposed of his property (see *Tyler* v. *Peatt*, 30 Mich. 63; *Root* v. *Potter*, 59 Mich. 498), and Hatch has obtained no judgment. If the present decree stands it enables the mortgagee Hatch to get the entire avails of funds fraudulently

transferred by Deyo at the expense of other creditors (for Deyo did not have sufficient property to pay his creditors) who are entitled to participate.

Appellant also asks us to reverse that part of the decree which compels the administrator to pay from the rents collected by him the amount advanced for insurance and taxes on the mortgaged property. We may say of this decree, as was said of a similar decree in *Southworth* v. *Parker*, 41 Mich. 198, it "has been made in supposed recognition of the familiar principle that where one has a lien upon two funds, and another has a subsequent lien upon one of them only, the former, in protection of the interest of the other, shall resort first, for the satisfaction of his demand, to the fund which is not subject to the other's lien." That principle, as stated in that case, "is by no means universally applicable," and "must be so applied as to protect equities—not to destroy them." The funds in the hands of the administrator from which the decree orders payment to be made for the expenditure for taxes and the insurance is insufficient to pay the general creditors of James C. Deyo, deceased. As already shown, those creditors, and not Hatch, as mortgagee, were the persons defrauded by the fraudulent purchase of the Carter mortgage, and it would be equitable if that mortgage were used in paying their claims instead of defeating their payment. We conclude, therefore, that this portion of the decree is erroneous.

It follows from the foregoing that the decree appealed from should be modified in two particulars, viz. : *First,* the amount secured by the Carter mortgage should be the first claim paid out of the proceeds arising from the sale of the Biddle Street property; and, *second,* nothing secured by the Carter mortgage should be paid from funds in the hands of the administrator of the estate of James C. Deyo, deceased. Except in these particulars, the decree appealed from is affirmed.

We cannot fail to see that great injustice is likely to result to the general creditors of the estate of James C. Deyo,

deceased, and to the mortgagee Hatch as one of said creditors — provided he does what he has not yet done, viz., procure the allowance of his claim as such creditor—unless a proper opportunity is afforded them to assert their claims against the proceeds of the Carter mortgage. To afford them that opportunity the decree of this court will provide that the commissioner who conducts the foreclosure sale, instead of paying the amount secured by said mortgage to Daugherty, shall pay the same to the register of the circuit court. Said fund shall be held by said register for 60 days and thereafter be subject to the order of said circuit court. Said period of 60 days is given the administrator of the estate of James C. Deyo, deceased, defendant herein, in which to commence suit for the purpose of obtaining a decree that said fund or such part thereof as may be proper be paid to him to be distributed among the creditors of said James C. Deyo, deceased. And this decree is without prejudice to the right of said administrator to institute and maintain said suit. Unless said suit is instituted within said period of 60 days or within such further period as may be allowed by the circuit court, said fund shall be paid by said register to said Daugherty. The mortgagee Daugherty will recover from the mortgagee Hatch the costs of this appeal.

McALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.