STRELOW *v.* AMERICAN COLOR CO.

1. CORPORATIONS — STOCKHOLDERS' LIABILITY — JUDGMENT CREDITORS—EXHAUSTION OF LEGAL REMEDIES.

Before filing a bill in equity to enforce the liability of stockholders for partly paid stock, the creditor must reduce his claim to judgment and exhaust his legal remedies. 3 Comp. Laws, §§ 9755-9780.

2. EQUITY—JUDGMENT—ARBITRATION—CREDITORS' BILL.

Equity will not take jurisdiction of a bill of complaint to enforce stockholders' liability, filed by a creditor who has secured an award of arbitrators against the corporation, but not a judgment, and who does not show an execution issued and returned unsatisfied.

Appeal from Wayne; Murphy, J. Submitted June 30, 1910. (Docket No. 39.) Decided September 27, 1910.

Bill by Albert Strelow against the American Color Company and others for an accounting, and to enforce the payment of unpaid stock subscriptions. From an order sustaining demurrers to the bill, complainant appeals. Affirmed.

*Charles Engelhard*, for complainant.

*W. L. Jenks, F. L. Wilson*, and *Bowen, Douglas & Eaman*, for defendants.

BROOKE, J. Complainant, who was a creditor of defendant American Color Company, on December 14, 1906, caused an attachment to issue against the property and effects of said defendant. On December 19, 1906, an agreement was entered into between the parties to that suit to liquidate the damages by arbitration. On May 1, 1907, the arbitration committee signed a finding, fixing the amount of complainant's claim at the sum of $2,275.84. The said defendant was a tenant of complain-

ant, and there appears to have been past due on account of rent the further sum of $1,250. Complainant had another claim against said defendant for repairs amounting to $87.20. None of these claims were placed in judgment, and, of course, no execution therefor was returned unsatisfied, in whole or in part. On May 17, 1907, complainant filed his bill in this cause, setting out gross mismanagement on the part of the officers of said defendant, and averring that many of the stockholders (also made defendants) had not paid in full for the stock standing in their several names. He prayed that the Security Trust Company (already acting as trustee for the defendant American Color Company under a mortgage) be appointed trustee to collect the assets of said defendant, and distribute the same among the bona fide creditors thereof;

" That an account be taken to show the true condition of the company, and the amounts so due from the various said stockholders and all the members of the company, and that the necessary orders and decrees may be entered requiring their proportional contributions for the amounts so unpaid on their said stocks, to the extent necessary to make up the deficit or shortage required to pay in full all legitimate claims and expenses of administration and of this proceeding, and for the enforcement and collection of such orders and decrees according to law."

To this bill of complaint defendants Ramage, Hopkins, Charles W. Thompson, W. Thompson, Jr., Jenks, and Pepper demurred. The principal ground of demurrer is—

" That it appears affirmatively from said bill of complaint that said complainant is not a judgment creditor of said defendant American Color Company in any manner or form whatsoever, and it further appears that the main purpose of said bill of complaint is to enforce a liability on this defendant for unpaid subscriptions to the capital stock of said defendant American Color Company."

From a decree sustaining the demurrer complainant appeals.

Complainant's position, as we gather it from a very voluminous brief, is:

(1) That it is not necessary for him to have reduced his claims to judgment in order to maintain his bill to compel payment of unpaid stock subscriptions; and

(2) That, if a judgment is necessary, the arbitration award is equivalent in law to a judgment.

His first contention has been directly passed upon in *McKee* v. *Garbage Co.*, 140 Mich. 497 (103 N. W. 906). It was urged there, as it is in the case at bar, that independent of the statute (chapter 269, §§ 9755–9780, 3 Comp. Laws), equity courts exercised jurisdiction over directors, managers, trustees, and other officers of corporations for many of the purposes specified in the statute, and exercised that jurisdiction at the instance of any creditor, whether he had proceeded to judgment or not, or whether his claim was due or not. This court in disposing of complainants' contention there said:

" We cannot recognize that principle in this State, because we have already deliberately repudiated it. See *Bank of Montreal* v. *Lumber Co.*, 90 Mich. 345 (51 N. W. 512). Complainants cannot therefore maintain their suit on any general principle of equity."

In *C. H. Little Co.* v. *Cemetery Ass'n*, 135 Mich. 248 (97 N. W. 682), it was held that, aside from the remedies and proceedings provided by chapter 269, §§ 9755–9780, 3 Comp. Laws, courts of equity have jurisdiction in many cases, but it was further held that—

" It is the common-law duty of a creditor in such cases to proceed first against the property of the corporation, to ascertain if any can be found to satisfy his debt, before proceeding against the stockholders. The proceeding against the stockholders would be entirely unnecessary if there were tangible assets subject to the payment of creditors."

In effect, complainant asks us to overrule our holding in *McKee* v. *Garbage Co.*, *supra*, together with the decisions upon which it is based. No good reason is perceived for such a course. It seems to us that it is imposing no hardship upon a creditor to ask him to first exhaust

his legal remedy by judgment and execution against the assets of the corporation itself before permitting him to inquire into the relations existing between the corporation and its stockholders. He has no interest in the subject, unless the corporation itself is unable to pay its debt.

Is the arbitration award the equivalent of a judgment? Many decisions as to the effect of an award are cited in complainant's brief, but none of them answer this question in the affirmative. It is, we think, clear that it is rather the basis for a judgment than its equivalent. An execution could in no event issue upon the award itself without a precedent judgment. But, if complainant's contention as to this question is correct, it does not meet the situation. The object of the statute and of the common-law rule is to insure the exhaustion of the assets of the corporation itself before recourse can be had to unpaid stock subscriptions, and this can be done only by issuing an execution against such assets. Its return unsatisfied, in whole or in part, clothes the court with jurisdiction to proceed against the delinquent stockholders.

The decree is affirmed, with costs.

BIRD, C. J., and OSTRANDER, MOORE, and BLAIR, JJ., concurred.