TRAVIS v. McBRIDE.

RECEIVERS—CORPORATIONS—DISSOLUTION—DEBTOR AND CREDITOR —EXECUTION LEVY—PRIORITY OF RECEIVER'S TITLE.

A receiver of a corporation in process of voluntary dissolution under 3 Comp. Laws, chap. 300, takes the corporate assets subject to the liens of creditors who have levied execution thereon subsequent to the filing of the petition for dissolution and before the date of the receiver's appointment.

Appeal from Clinton; Searl, J. Submitted January 19, 1911. (Docket No. 117.) Decided June 2, 1911.

Petition by the officers of the Michigan Milk & Food Products Company for its voluntary dissolution. Fred-

erick A. Travis, having been appointed receiver, filed a petition to set aside certain execution levies of James N. McBride and other judgment creditors on corporate assets. From a decree for petitioner, defendants appeal. Reversed.

*Walbridge & Kelley*, for petitioner.

*Kilpatrick & Pierpont*, for defendants.

BIRD, J. The defendants, being creditors of the Michigan Milk & Food Products Company, commenced suits, obtained judgments, and made levies upon the real and personal property of that corporation in the interim between the date of filing a petition for its dissolution and the date of the order dissolving it and appointing a receiver of its assets. The application for a receiver was made under the statute for the voluntary dissolution of corporations, for the reason, as alleged in the petition, that said corporation had been and was unable to carry out the object and purpose of its incorporation. Chapter 300, 3 Comp. Laws. Upon the appointment of complainant as receiver, the question at once arose between him and the defendants as to whether the levy gave the defendants rights superior to his in the property levied upon. Not being able to agree, the receiver filed this petition to have the matter determined. After a hearing on the petition, the trial court made an order setting aside the liens. From that order the defendants have appealed.

The proceeding to dissolve this corporation and wind up its affairs is a statutory one, and the respective rights of the parties must be determined from the statute. The petition was filed on October 9, 1909. The order dissolving the corporation and appointing the complainant receiver was made on January 19, 1910. The receiver qualified and filed his bond on the same day. The suits were begun after the petition was filed, and proceeded to judgment and levy before the appointment of the receiver. The statute provides that—

"Such receivers shall be vested with all the estate, real and personal, of such corporation, from the time of their having filed the security hereinbefore required, and shall be trustees of such estate for the benefit of the creditors of such corporation, and of its stockholders." 3 Comp. Laws, § 10861.

It is the claim of the defendants that this statute fixes the time when the receivers shall become vested with the title to the property, and that up to the time of the appointment and filing of the security the creditors have a right to make levies upon the property, and that, when the receiver becomes vested with the title, it is subject to the liens which may have been placed upon it before that date. It is contended on behalf of the receiver that all levies and liens placed upon the property after the petition is filed become void upon the appointment of the receiver; that the appointment has relation back to the date of the filing of the petition. The statute fixes the time with certainty when the property shall vest in the receiver, namely, when he furnishes security for the faithful discharge of his trust. When the statute so fixes the time, we cannot with propriety say that it shall vest at some other time.

It is argued that, if the law is to be so construed, the act will be of little force in case of the dissolution of insolvent corporations, as the creditors will seize all the assets after the petition is filed and before the appointment is made. It is not unlikely that counsel are right in this conclusion, and we agree with them that the interest of all creditors would be better conserved if the appointment could relate back to the date of the filing of the petition; but the question is not one for construction, as it might have been had the law been silent as to the time when the property should vest. The legislature did not see fit to leave it an open question, but foreclosed it by fixing the exact time when it should take place, and with that we must be content until the legislature decrees otherwise.

It is our conclusion that the complainant, upon his ap-

pointment as receiver, took the title to the assets subject to the liens of the defendants.

The order of the trial court will be reversed, and one entered in accordance herewith.

OSTRANDER, C. J., and HOOKER, MOORE, and MC-ALVAY, JJ., concurred.