*In re* ABBOTT.

1. EQUITY—CREDITOR'S BILLS—DEBTOR AND CREDITOR—JUDGMENT.
  It is a recognized rule that a general creditor must secure a judgment before he can ask for equitable remedies against his debtor.

2. SAME—CORPORATIONS—RECEIVERS—DISSOLUTION.
  In proceedings for dissolution of a corporation under chapter 300, 3 Comp. Laws, after appointment of a receiver, an intervening creditor, who had reduced his claim to a justice's court judgment and caused an execution to be issued that had been returned *nulla bona*, was in position to intervene without filing transcripts in the circuit and and issuing execution there.

3. SAME—INTERVENING PARTIES.
  Such creditors were not required to await a decision of the court on the issue of solvency, but were justified in presenting their petitions to intervene and in asking the aid of the court in the enforcement of their demands.

4. SAME—REMEDIES—INTERVENTION.
  No independent proceedings in equity were necessary or required; the judgment creditors might file intervening petitions without resorting to a bill in chancery in another suit.

5. SAME—PETITION—DISTRIBUTION.
  And the court was authorized, on their petition, in ordering the corporate assets sold, and the proceeds distributed among the interveners. 3 Comp. Laws, § 9761 *et seq.*

6. SAME—SITUS OF PROPERTY—INSOLVENCY.
  Having jurisdiction of the proceedings for dissolution, and having appointed a receiver of the property and assets of the insolvent, the court had power to enforce the rights of the judgment creditors, though the property to be sold was situated in another county.

Appeal from Wayne; Van Zile, J. Submitted January 26, 1915. (Docket No. 89.) Decided July 23, 1915.

Charles S. Abbott and others filed a petition for dissolution of the Chippewa Construction Company. John McBride and other creditors filed petitions to intervene. From a decree for interveners complainants appeal. Affirmed.

*Selling & Brand* and *Abbott & Abbott,* for complainant Charles S. Abbott.

*Moore & Moore,* for intervener C. C. Field.

*Orla B. Taylor,* for Hudson Estate and Robert B. Tannahill.

*James G. Kress,* for labor creditors.

*Chapman, McNamara & Matthews,* for intervener Guffnett and others.

*Corliss, Leete & Moody,* for receiver.

*Angell, Bodman & Turner,* for appellees.

KUHN, J. We believe that the facts necessary to properly understand the questions involved in this appeal are clearly and sufficiently stated in the opinion of this court in *Abbott* v. *Circuit Judge,* 182 Mich. 61 (148 N. W. 349).

The validity of the order of October 29, 1912, appointing the Detroit Trust Company the temporary or possessory receiver, as it is called is not here brought in question. As counsel for appellant Abbott say in their brief:

"We very clearly stated upon our argument that we do not consider that upon this appeal the question of the validity of the appointment of the temporary receiver should be raised."

But it is contended that the order of March 29, 1913, appointing the Detroit Trust Company receiver in the intervening judgment creditors' proceedings, and sequestrating the property of the Chippewa Con-

struction Company, was void, because such a receiver cannot be appointed, under chapter 300, 3 Comp. Laws (that being the chapter with reference to proceedings for dissolution of a corporation), until the coming in of the master's report (section 10859, 3 Comp. Laws [5 How. Stat. (2d Ed.) § 13567]), and that the proceedings under chapter 300 for the dissolution of the corporation could not be turned into a judgment creditors' proceeding under chapter 269, 3 Comp. Laws. From this order of March 29, 1913, appointing a permanent receiver, and also from the order of November 12, 1913, ordering the sale of all the property and assets of said company, the appeals now before us were taken.

We think it unnecessary, and it would serve no purpose, to determine in this proceeding whether under chapter 300, *supra*, the court might appoint a temporary receiver in advance of the decree of dissolution, although counsel contend that it is clearly inferable from the provisions of the statute that such a receiver might be appointed, section 36 of said chapter (8 How. Stat. [2d Ed.] § 13595) reading as follows:

"Whenever a receiver of the property and effects of a corporation has been appointed before its dissolution, or afterwards, new suits may be brought and carried on by any such receivers, either in their own names, or in the name of the corporation for which they shall have been appointed."

It should be borne in mind, in considering the situation here created, as is indicated in the opinion of this court in the case of *Abbott* v. *Circuit Judge, supra,* that the corporations involved were insolvent when the petitions for their dissolution were filed, and that the appellant Abbott joined in the proceedings which resulted in the appointment of the temporary receiver to secure protection from the assault of creditors whose demands were pressing. He contends, as was stated in the former opinion—

"that he was forced, cajoled, or seduced into participation in the proceedings to dissolve, but he says that a bankruptcy proceeding was the alternative—a fact which was also manifest."

There is no escape from the conclusion that at the time the petition in the dissolution proceeding was filed it was imperative that some step be taken to delay action on the part of the creditors who were pressing their claims.

The first question which it seems it is necessary to consider is whether, after a petition for the dissolution under chapter 300 is filed, creditors of the corporation are required to wait until the court determines whether it is in the interest of the stockholders that the company be dissolved. This question is determined by the decision of this court in *Travis* v. *McBride*, 166 Mich. 126 (131 N. W. 520). There the receiver was not appointed until after the order of dissolution had been made, and it was held that the receiver took the corporate assets subject to the liens of creditors who had levied execution thereon subsequent to the filing of the petition for dissolution and before the date of the receiver's appointment. But here we have a receiver appointed, in charge of all the property of the corporation by an order of the court, and under these circumstances the question is, What was the proper procedure for the creditors to take in order to protect and collect their claims?

As appears from the previous opinion of this court, two labor creditors, Guffnett and McBride, who had recovered judgments in the justice's court, for $106.05 damages and costs, and $97.20 damages and costs, respectively, had caused executions to be issued to collect the same and placed them in the hands of the sheriff, and they had been returned unsatisfied, and the judgments remained unpaid. After a hearing by Judge Codd, they were allowed to intervene in the

proceedings for the dissolution in behalf of themselves and other creditors. The prayer of the bill was that it might be treated as an intervening petition in the proceeding to dissolve the corporation, and that the court sequestrate the stock, property, things in action, and effects of the corporation, and apply the same to the payment of the indebtedness due complainants and other creditors; that a receiver be appointed, etc. It is contended by appellants that these judgment creditors were in no position to file this petition for intervention—which was in the nature of a judgment creditors' bill—because they had not exhausted their legal remedies, in that transcripts had not been taken to the circuit court and executions issued thereon, for upon such executions the real estate, as well as the personal property of the corporation, could have been reached.

It must be conceded that the rule is elementary that a general creditor must obtain a judgment before he can have relief against his debtor in equity. *McKee* v. *Garbage Co.,* 140 Mich. 497 (103 N. W. 906); *Hatch* v. *Daugherty,* 145 Mich. 569 (108 N. W. 986); *Strelow* v. *Color Co.,* 162 Mich. 709 (127 N. W. 716). The reason of this rule is stated by the author of a note to the case of *Ziska* v. *Ziska* (20 Okl. 634, 95 Pac. 254) in 23 L. R. A. (N. S.) page 10, to be—

"the same as that which marks the limit of all forms of equitable jurisdiction, original as well as ancillary, and that is that resort cannot be had to equity where there is an adequate remedy at law. This ancient rule has become so worn and axiomatic that the reason for it is well-nigh forgotten, and perhaps that reason might not be regarded with the same respect now that it was once. Nevertheless the reason still exists, and, if it is borne in mind, will be of great assistance in solving some of the questions arising with reference to judgments as a condition precedent to equitable relief by creditors against their debtors. It will be recalled that the reason for the rule mentioned was this:

that, while equity was a welcome refuge from the hard and fast rules of the common law, there was still one institution of the common law which was to be most zealously guarded, and that was the right of trial by jury. Under no circumstances should a court of equity be allowed to swallow up that great privilege. So the rule was made that equity must not interfere where the remedy at law was adequate. The real basis of the rule that a judgment at law is a condition precedent to affirmative equitable relief on behalf of a creditor is, therefore, that the debtor has the right to have the issue of indebtedness determined by jury."

In the instant case it must be conceded, however, that although execution might have been issued out of the circuit court if transcripts from the justice's court judgments had been taken to the circuit court and levies made, nevertheless no sale under such levies could have been had without having filed a petition in the dissolution proceeding asking permission of the court so to do, in view of the fact that the entire property of the corporation was then in the hands of the court's receiver. It thus appears, and must be perfectly obvious, that the issuance of a circuit court execution would have been a mere matter of form, and would have been futile as a means of exhausting the remedy at law.

The statute under which proceedings by judgment creditors may be had (chapter 269, 3 Comp. Laws) provides that the jurisdiction shall be exercised "on bill, or petition, as the case may require, or as the court may direct." Section 9759. Section 9760 (5 How. Stat. [2d Ed.] § 13533) provides:

"Whenever a judgment of law, or a decree in chancery, shall be obtained against any corporation, incorporated under the laws of this State, and an execution issued thereon shall have been returned unsatisfied in part or in whole, upon the petition of the person obtaining such judgment or decree, or his representatives, the circuit court within the proper county may sequestrate the stock, property, things in action and

effects of such corporation, and may appoint a receiver of the same."

It should be noted that this statute does not require that an execution out of the circuit court be returned unsatisfied. And while it may be contended that under ordinary circumstances, under the authorities cited in appellant's brief, it would be necessary to take out a transcript from a justice's court judgment to the circuit court and have execution issued and levies made thereunder, in order to exhaust the remedy at law, before a court of equity would assume jurisdiction, nevertheless, considering the situation here presented, we do not think that it should be said that a creditor who has obtained a judgment in a justice's court, and taken out execution which has been returned unsatisfied, cannot proceed to file a judgment creditors' bill under the proceedings provided for in chapter 269, 3 Comp. Laws—at all events when the property of the corporation is already in the possession of a possessory receiver appointed by a court of competent jurisdiction. As we have intimated, when the petition was filed for leave to intervene, the property of the corporation was in the custody of the law, in charge of the receiver appointed by the court, and the issuance and attempted levy of execution would have been, it seems to us, a vain and idle ceremony. *Blair* v. *Steel Co.,* 159 Ill. 350 (42 N. E. 895, 31 L. R. A. 269) ; *Sage* v. *Railroad Co.,* 125 U. S. 361, 8 Sup. Ct. 887. These creditors proceeded in what appears to us to have been an orderly and legal manner, by petitioning the court in charge of whose receiver the property was, for permission to intervene.

The conclusion here reached amounts simply to this: Although dissolution proceedings were pending, creditors who had a right to enforce their claims were not required to await a decision as to whether the corporation was insolvent or whether dissolution would be

for the benefit of the stockholders; they had a legal right to ask the court in whose charge the property of the corporation was to take appropriate proceedings to enforce their rights.

It is earnestly contended that it should not be permitted to change, by intervention, proceedings for dissolution under chapter 300, *supra,* into an adversary proceeding under chapter 269, *supra.* But we think that where the funds and property of a debtor are in the hands of a court of equity, judgment creditors should be allowed to file an intervening petition, and should not be bound to resort to independent proceedings in equity. See 12 Cyc. p. 45. The anomalous situation might otherwise be created of having the judgment creditors' proceeding pending, and a receiver appointed thereunder, and at the same time, in the same court, a temporary receiver claiming the property of the corporation under a proceeding instituted under chapter 300, *supra.* Such a situation should, in our opinion, be avoided. *Earle* v. *Humphrey,* 121 Mich. 518, 523 (80 N. W. 370), and cases cited; *McKay* v. *Van Kleeck,* 133 Mich. 27, 34 (94 N. W. 367).

It is contended that the order of sale was void, because it was premature, in that the court had not finally and formally passed upon all the indebtedness of the corporation, and because the order was improvidently made, in that dissolution proceedings were pending in which all the creditors had a right to prove their claims. In the opinion in *Abbott* v. *Circuit Judge, supra,* it was determined that the corporations involved were insolvent when the petition for their dissolution was filed, in that they were unable to pay their debts as they matured in the regular course of business.

Section 9761, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13534), part of chapter 269, provides:

"Upon a final decree on any such petition, the court shall cause a just and fair distribution of the property of such corporation, and of the proceeds thereof, to be made among the fair and honest creditors of such corporation, in proportion to their debts respectively, who shall be paid in the same order as provided in the next succeeding chapter, in the case of a voluntary dissolution of the corporation."

Chancery Rule No. 31, with reference to the powers and duties of receivers appointed upon judgment creditors' bills, provides:

"And it shall oe his duty, without unreasonable delay, to convert all the personal estate and effects into money; but he shall not sell any real estate of the debtor without the special order of the court."

The order of sale was made upon a petition of the judgment creditors, to which an answer was filed by the Detroit Trust Company, receiver of the Chippewa Construction Company, and from the order it appears that the sale was ordered "upon the testimony taken in support of said petition in open court." No case has been settled upon the testimony or proceedings taken in respect of this order of sale, so that it cannot be said that the question of the necessity or expediency of the sale is before us for determination. We think it was clearly within the power of the court, under the statute above cited, to order the property sold in order to cause a distribution of the property of the corporation and the proceeds thereof to. be made among the fair and honest creditors of such corporation.

We do not think there is any merit in the contention that the proceedings under chapter 269 could not be brought in Wayne county because all the property of the corporation is in another county. At the time that these judgment creditors' proceedings under chapter 269 were brought, all the property was in the hands of the temporary receiver of the court. As we have stated before, we consider it not only proper, but the

orderly method of proceeding, to have instituted these proceedings in the proceedings in which the receiver was appointed.

Being of the opinion that the contentions of the appellants are without merit, the orders appealed from are affirmed, with costs to the appellees, and the cause remanded to the lower court for further proceedings.

BROOKE, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.