*In re* GUNDRY.

1. CORPORATIONS—PARTIES—CREDITOR MAY INTERVENE IN PROCEEDINGS FOR VOLUNTARY DISSOLUTION.
  Under 3 Comp. Laws 1915, § 12362, a creditor has a right to intervene in proceedings for the voluntary dissolution of a corporation, but its intervention must be in sub-

ordination to, and in recognition of, the propriety of the main proceeding.[1]

2. SAME—CREDITOR HAS NO RIGHT TO HAVE ANOTHER RECEIVER APPOINTED.

Although a judgment creditor had a right to intervene in proceedings for the voluntary dissolution of a corporation, where a temporary receiver had already been appointed by the court it had no right to file a judgment creditor's bill for the purpose of having another receiver appointed to receive the assets of the corporation and secure satisfaction of its judgment.[2]

3. SAME — VOLUNTARY DISSOLUTION—JURISDICTION NOT LOST BY CONTINUANCE.

Where the court obtained jurisdiction over the property of a corporation in proceedings for its voluntary dissolution, jurisdiction to order dissolution and appoint a permanent receiver was not lost because the court, on the return day, on a showing that it was for the best interest of the stockholders and the creditors, continued the hearing (3 Comp. Laws 1915, § 13566).[3]

4. SAME—INTERVENING CREDITOR NOT ENTITLED TO PREFERENCE OVER OTHERS.

After the appointment of a permanent receiver, in proceedings for the voluntary dissolution of a corporation, an intervening creditor, who filed a judgment creditor's bill, is not entitled to preference over the other creditors of the corporation.[4]

Appeal from Genesee; Brennan (Fred W.), J. Submitted April 8, 1926. (Docket No. 40.) Decided June 7, 1926.

Petition by James E. Gundry, president, and another for a voluntary dissolution of the Western Oil & Gas Distributing Agency. The Dayton Rubber Manufacturing Company intervened and filed a bill in the nature of a judgment creditor's bill. From an order dismissing such bill, the intervener appeals. Affirmed.

---

[1]Corporations, 14a C. J. § 3759; [2]Id., 14a C. J. § 3759; [3]Id., 14a C. J. § 3752; [4]Id., 14a C. J. § 3879.

*Van Benschoten & Millard,* for appellant.

*C. A. Withey,* for appellees.

SHARPE, J. On May 23, 1922, the directors of the Western Oil & Gas Distributing Agency, a domestic corporation, filed a petition in the circuit court for the county of Genesee, in chancery, praying for the dissolution of the corporation pursuant to section 13563 *et seq.,* 3 Comp. Laws 1915. On the same day the president and secretary of the corporation filed a petition for the appointment of a receiver. An order was made at that time appointing Clifford N. Spaulding temporary receiver. He filed a bond, and entered upon the performance of his duties. An order was made fixing July 29, 1922, for the hearing of the petition for dissolution and for notice to creditors and stockholders, as provided for in the statute. The hearing was adjourned to October 16, 1922, on which day a number of the creditors, including the Dayton Rubber Manufacturing Company, a foreign corporation, the appellant herein, filed a petition setting forth that under the management of the receiver the corporation was "making some money," and that it was "believed that said receiver will be able, if given sufficient time, to reduce the indebtedness of said corporation materially," and praying that the hearing on the petition for dissolution "be continued indefinitely or until the further order of the court, * * * in order that the receiver may have the benefit of the summer trade in 1923." An order was thereupon made continuing said hearing for one year, or until the further order of the court. On July 14, 1924, an order was again made continuing said hearing and the appointment of the temporary receiver until the further order of the court.

On November 25, 1924, the Dayton company, claiming the right of intervention, filed in said cause what

is spoken of as a judgment creditor's bill, in which it was averred that this company had secured a judgment against the oil and gas company and that the writ of execution issued thereunder had been returned unsatisfied.    After alleging certain unauthorized acts on the part of the temporary receiver, it prayed that he be required to turn over the assets of the corporation to a receiver to be appointed by the court, in order to secure to the Dayton company satisfaction of its judgment.    On the same day it filed a petition for leave to intervene in the proceedings for dissolution already taken.

On December 10, 1924, the temporary receiver filed a petition, praying for his discharge.    On that day the court made an order for the hearing of said petition on December 20th, and it and the hearing on the petition for dissolution and that for intervention came on for hearing on December 24th.    Proofs were taken.    On December 30th, the court, finding the oil and gas company to be insolvent, ordered its dissolution and appointed a permanent receiver to wind up its affairs, and, later, on motion of the receiver, dismissed the bill of complaint in the nature of a judgment creditor's bill of the Dayton company.    From this order of dismissal the Dayton company appeals.

1. Plaintiff had the right to intervene.    3 Comp. Laws 1915, § 12362; *In re Abbott,* 187 Mich. 229.    By so doing, it submitted its claim to the jurisdiction of the court.    Its intervention is declared by the statute to be "in subordination to, and in recognition of, the propriety of the main proceeding."    *Sidebottom* v. *Calhoun Circuit Judge,* 202 Mich. 116; *Nott* v. *Gundick,* 212 Mich. 223; *Chase* v. *Washtenaw Circuit Judge,* 214 Mich. 288.

2. Counsel for the Dayton company insist that the *Abbott Case* is authority for its right to file the judgment creditor's bill.    We do not so read that decision.

It expressly calls attention to the "anomalous situation" which would be created by permitting such a bill to be filed and a receiver appointed thereunder when there was already one acting under appointment of the court.

3. It is insisted that the order appointing the permanent receiver is invalid because the court lost jurisdiction by its failure to decree dissolution and appoint a permanent receiver on the return day of the order to show cause. Attention is called to the language of section 13566, which provides that upon the hearing of such order—

"if it shall appear to the court that such corporation is insolvent or that for any reason a dissolution thereof will be beneficial to the stockholders and not injurious to the public interest, a decree shall be entered dissolving such corporation and appointing one or more receivers of its estate and effects."

It would perhaps be sufficient to say that the Dayton company, by joining in the petition to the court to delay the hearing of the order of dissolution and continue the temporary receiver, and by its petition for intervention, is in no position to raise the question. But counsel urge that jurisdiction may not be conferred by consent. *J. F. Hartz Co.* v. *Lukaszcewski*, 200 Mich. 231. The holding in that case applied to proceedings on appeal, the right to which is a privilege permitted by the statute, and as to which the statutory requirements must be strictly complied with.

The court in this case acquired jurisdiction over the property of the oil and gas company when the petition for dissolution was filed. It is true that if the petition and the proof which may be submitted in its support warrant an order of dissolution, one must be made. But this statute in no way assumes to interfere with the inherent power of the trial court to continue the hearing if he be satisfied that it is in the interest of

the stockholders and creditors to do so, or if he require more time in which to determine what action he shall take.

We are of the opinion that the court had jurisdiction to make the order appointing a permanent receiver. After it was made, the Dayton company was not entitled to any preference over the other creditors of the oil and gas company. *Jacobs* v. *E. Bement's Sons,* 161 Mich. 415. Intervention would give it the right to follow the proceedings taken by the permanent receiver. But it had no rights which could be enforced under its judgment creditor's bill, and it was properly dismissed.

The order appealed from is affirmed, with costs to appellees.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.